Edna L. Harer, Appellant *v.* Commonwealth of Pennsylvania, Department of Public Welfare.

Argued December 10, 1976, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three. Reargued June 7, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Warren R. Baldys, Jr.,* for appellant.

*Robert B. Hoffman,* Assistant Attorney General, with him *James R. Adams,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, July 19, 1977:

Edna L. Harer (appellant) seeks to overturn the decision of a hearing examiner, rendered after a "Fair Hearing"[1] held on January 19, 1976, who found her unqualified for Public Assistance benefits under the Aid to Families with Dependent Children program (AFDC) and appointed a protective payee to receive benefits due her minor children. The examiner found that appellant's refusal to cooperate with the Department of Public Welfare (DPW) in establishing the paternity of her three children born out of wedlock rendered her ineligible under 42 U.S.C. §602(a)(10) and (26) and DPW's regulations as they existed at all times pertinent to this appeal.

Section 602(a)(10) and (26) provide in pertinent part:

(a) A State plan for aid and services to needy families with children must . . . (10) provide, effective July 1, 1951, that all individuals wishing to make application for aid to families with dependent children shall have opportunity to do so, and that aid to families with dependent children shall, subject to paragraphs (25)[2] and (26), be furnished with reasonable promptness to all eligible individuals; . . . [and] (26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required—

(A) to assign the State any rights to support from any other person such applicant

---

[1] As provided in PA Manual §3590.

[2] Paragraph (25) is not relevant to this appeal.

may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed,

(B) to cooperate with the State (i) in establishing the paternity of a child born out of wedlock with respect to whom aid is claimed, and (ii) in obtaining support payments for such applicant and for a child with respect to whom such aid is claimed, or in obtaining any other payments or property due such applicant or such child, *unless (in either case) such applicant or recipient is found to have good cause for refusing to cooperate as determined by the State agency in accordance with standards prescribed by the Secretary [of Health, Education and Welfare], which standards shall take into consideration the best interests of the child on whose behalf aid is claimed;* and that, if the relative with whom a child is living is found to be ineligible because of failure to comply with the requirements of subparagraphs (A) and (B) of this paragraph, any aid for which such child is eligible will be provided in the form of protective payments as described in section 406(b)(2) (without regard to subparagraphs (A) through (E) of such section). . . . (Footnote and emphasis added.)

The standards referred to in this section have been proposed by HEW but have not yet been approved or adopted.

At the "Fair Hearing" appellant sought to excuse her refusal to cooperate by relying on the so-called best-interest exception to Section 602(a)(26). The examiner, while sympathetic, reasoned that, since

there were, as yet, no standards as contemplated in the statute, there could be no effective exception. Accordingly, he applied PA Manual Sections 3122.4211-(2) and 3237.113 which provided:

[3122.4211] With respect to a child who has been deserted or abandoned by a parent, each applicant or recipient is required, as a condition of eligibility to:

. . . .

(2) Cooperate with the Department in establishing the paternity of a child born out-of-wedlock in the identification and location of the deserting parent and the support collection process. This means that the applicant or recipient provides all verbal or written information known or possessed by him that is relevant to achieving support from the absent parent.

If the mother (or caretaker/relative with whom the child is living) is found to be ineligible because of failure to cooperate in obtaining support, or in assigning all support rights to the Department, assistance for the child is provided in the form of protective payments (3770) to assure that the child gets the benefit of such payments.

[3237.113] As a condition of eligibility for ADC, each caretaker/relative with whom the child is living is required to cooperate with the Department in establishing the paternity of a child born out-of-wedlock, in the identification and location of the deserting parent, and in securing support. Assistance is granted or continued on the client's agreement to take steps necessary to establish paternity and obtain support for the child (3122.4211).

If the caretaker/relative with whom the child is living is found to be ineligible because of failure to comply with the support requirement, assistance is granted for the child *only* in the form of a *protective payment* (3770). (Emphasis in original.)

These regulations did not provide for any exceptions although they became effective well after the effective date of the amendments to 42 U.S.C. §602(a)(26).

Appellant contends that the failure to promulgate regulations does not suspend the effectiveness of the exception but, rather, prevents DPW from enforcing the regulations when a recipient claims the protection of the best-interest exception. In short, the question is whether the recipient or the state must bear the brunt of inaction at the federal level. We hold that the recipient's rights must prevail and therefore reverse.

Social legislation such as AFDC must be broadly interpreted to effectuate the overriding purposes of the act even if the words used in the laws and regulations leave room for contrary interpretations. *Elam v. Hanson,* 384 F. Supp. 549 (N.D. Ohio 1974). It is clear that 42 U.S.C. §602(a)(26) requires the states to provide that recipients must cooperate in establishing paternity unless good cause exists why they should not. The fact that ''good cause'' is to be determined in accordance with regulations not yet promulgated changes neither the effective date of 42 U.S.C. §602 nor of the exception embodied in it.

The regulations purporting to implement Section 602 in this Commonwealth made no exceptions for good cause at the time of appellant's ''Fair Hearing.'' Therefore, these regulations did not carry out the federal statutory scheme. The United States Supreme Court has held in *Carleson v. Remillard,* 406 U.S. 598, 600 (1972):

Section 402(a)(10) of the Social Security Act, 42 USC §602(a)(10), places on each State participating in the AFDC program the requirement that 'aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals.' 'Eligibility,' so defined, must be measured by federal standards. King v. Smith, 392 US 309 . . . . The importance of our holding was stressed in Townsend v. Swank, 404 US 282, 286: 'King v. Smith establishes that, at least in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance under *federal AFDC* standards violates the Social Security Act and is therefore invalid under the Supremacy Clause. (Emphasis supplied.)

The effect of the Commonwealth's failure to recognize the best-interest exception, which is clearly present in the federal statute, would be the same as requiring a condition of eligibility which excludes persons otherwise entitled to AFDC benefits under federal legislation. Therefore, we hold that, until the regulations in accordance with 42 U.S.C. §602(a)(26) are duly adopted by the federal government, a recipient who refuses to cooperate with DPW in establishing the paternity of an illegitimate child or children, on the ground that she has good cause to refuse based on the best interest of the child, may not be denied AFDC payments nor may a protective payee be appointed for her children.

DPW argues that our interpretation here will result in the Commonwealth's being denied federal

funds.[3] We cannot, however, sacrifice the rights of individuals clearly granted by law merely to smooth the functioning of the sometimes erratic mechanism of bureaucracy.

Appellant also asks us to invalidate DPW's newly promulgated regulations[4] now found in PA Manual §§3122.4211 and 3237.113. However, since those regulations were not in effect at the time of appellant's "Fair Hearing", the issue is not ripe for our adjudication in this case.

### ORDER

Now, this 19th day of July, 1977, the order of the hearing examiner in the above captioned case is reversed. The record is remanded to the Department of Public Welfare for reinstatement of benefits due Edna L. Harer and the removal of the protective payee.

---

[3] We do not believe this result necessarily follows, since in all respects the failure to approve regulations lies with the federal government.

[4] Effective February 1, 1976.

---

### DISSENTING OPINION BY JUDGE WILKINSON, JR.

I must respectfully dissent.

I cannot agree with the majority that the good cause exception of 42 U.S.C. §602(a)(26)(B) is effective absent the promulgation of standards by HEW. Section 602(a)(26)(B) requires that good cause for refusing to cooperate with the State's effort to establish the paternity of a dependent child or obtain support for it be determined "in accordance with standards prescribed by the Secretary [of HEW]." Absent such standards, good cause cannot be found and cooperation is mandatory.

144

As was held in *Coe v. Mathews,* 426 F. Supp. 774 (D.D.C. 1976), *review denied sub nom., Coe v. Califano,* 45 U.S.L.W. 3789 (June 6, 1977):

> [W]e think it clear beyond peradventure that the statutory good cause exception of sections 602(a)(26)(B) and 654(4), by its terms, is not a self-implementing provision. The language of those sections clearly states that invocation of the exception by AFDC applicants . . . are contingent upon the terms of HEW standards defining the exception's scope.
>
> . . . .
>
> Notwithstanding the general effective date of August 1, 1975, made applicable to, inter alia, the mandatory cooperation provisions . . . the Court is of the opinion that the effective date of the good cause exception was 'otherwise specified' by the terms of P.L. 94-88 to be that date upon which HEW's standards, promulgated in accordance with procedures discussed above, have become effective. Id. at 778-79. (Footnote omitted.)

President Judge BOWMAN joins in this dissent.