Nancy Martella, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 10, 1976, before Judges CRUM-
LISH, JR., MENCER and BLATT, sitting as a panel of
three. Reargued June 7, 1977, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Warren R. Baldys, Jr.,* for appellant.

*Robert B. Hoffman,* Assistant Attorney General,
with him *James R. Adams,* Assistant Attorney Gen-
eral, for appellee.

OPINION BY JUDGE MENCER, July 19, 1977:

Although this appeal was consolidated for argument with *Harer v. Commonwealth of Pennsylvania, Department of Public Welfare,* 31 Pa. Commonwealth Ct. 136, 375 A.2d 865 (1977), it presents issues not raised in *Harer.* Therefore, we have treated this case individually for the purpose of decision. We suggest, however, that both cases be read together. In *Harer,* we held that the so-called best-interest exception to the disqualification provisions of 42 U.S.C. §602(a)(26) was effective notwithstanding the absence of federal standards by which the best interest of the child could be measured. In so doing, we denied the validity of the then-existing regulations of the Department of Public Welfare (DPW), found in PA Manual §§3122.4211 and 3237.113.

The case of Nancy Martella (appellant) was decided under newly promulgated regulations bearing the same section numbers. New regulation 3122.4211 provides in pertinent part:

3122.4211 *Child Support Requirements*

With respect to a child who has been deserted or abandoned by a parent, each applicant or recipient is required, as a condition of eligibility to:

(1)  Assign to the Department all rights to support payments received, due or accrued, on behalf of any family member for whom assistance is to be granted or is being received.

(2)  Cooperate with the Department in establishing the paternity of a child born out-of-wedlock in the identification and location of the deserting parent and the support collection process. This means that the applicant or recipient provides all verbal or written information known or possessed by him that is relevant

to achieving support from the absent parent.

(a) In those cases where the caretaker/relative has met the assignment requirement but claims that further pursuit of *support action* would be against the best interest of the child(ren), if it is determined that the caretaker/relative has cooperated to the extent possible in providing basic information on the absent parent *at this point in the support process,* assistance is authorized for the caretaker/relative, if otherwise eligible. (See 3237.113 for referral procedures).

(b) In those cases where the caretaker/relative has met the assignment requirement and information provided indicates that the pursuit of *paternity action* against the absent parent may be against the best interest of the child(ren) *because* the conception of the child was the result of forcible rape or incest; (or) legal proceedings for adoption of the child are pending, no further finding need be made on the caretaker/relative's cooperation at this point and assistance is authorized if otherwise eligible. (See 3237.113 for referral procedures).

The caretaker/relative who refuses to assign support rights, or refuses to cooperate in establishing paternity or securing support (except as provided under (a) and (b) above) is ineligible for assistance. Assistance for the child is provided in the form of protective payments (3770) to assure that the child receives the benefit of such payment. (Emphasis in original.)

Appellant refused to complete the assignment form and refused to cooperate in establishing the paternity of her two children born out of wedlock.[1]  Appellant

---

[1] From the record, however, it is apparent that the name and whereabouts of the putative father are known to DPW.

was, accordingly, denied benefits under the Aid to Families with Dependent Children program, and a protective payee was appointed for the two children.

As a result of the unfortunate situation created by the failure of the federal government to provide regulations under 42 U.S.C. §602(a)(26), *see generally Harer, supra,* DPW has apparently attempted to establish its own procedure for considering the best interest of the child as detailed in PA Manual §3237.113:

> 3237.113 *Referral to Bureau of Claim Settlement Child Support Unit for Paternity and Support Action*
>
> As a condition of eligibility for ADC, each caretaker/relative with whom the child is living is required to cooperate with the Department in establishing the paternity of a child born out-of-wedlock, in the identification and location of the deserting parent, and in securing support. Assistance is granted or continued on the client's agreement to take steps necessary to establish paternity and obtain support for the child (3122.4211).
>
> When a child's eligibility for ADC is based on continued absence of a parent from the home, a PA 173-B, Referral for Support Action, is sent to the Bureau of Claim Settlement Child Support Unit of the Area Office to initiate appropriate child support action. The PA 173-B is prepared in duplicate and the original, together with the PA 173-E Assignment form (3237.114) is forwarded to the Child Support Unit within two working days of authorization or at such time as desertion or abandonment occurs while the child is receiving assistance. A copy of the PA 173-B is retained in the case record.

For those individual cases where the initial determination of the caretaker/relative's cooperation has been made and there is question as to whether the pursuit of support or paternity action would be in the best interest of the child, (3122.4211) the notation 'Best Interest of Child' is made in the upper right hand corner of the PA 173-B, and the reasons, as given by the caretaker/relative, for the non-pursuit of support or paternity are entered under the 'remarks' section. This information is further evaluated by the Child Support Unit with respect to any additional support activities that may be required of the caretaker/relative in the support process.

The County's determination of the caretaker/relative's compliance with 'cooperation requirements' is always noted in the narrative of the case record.

Although we believe these regulations were adopted in a good-faith attempt to comply with the federal law, we find that they do not comport with the requirements of 42 U.S.C. §602(a)(26). That statute provides that standards for determining whether it would be in the best interest of the child to pursue support or paternity action are to come from the Secretary of Health, Education and Welfare. The statute does not provide for an ad hoc determination by the Child Support Unit.

DPW asserts, nevertheless, that appellant has not even cooperated to the extent of executing a PA 173-E assignment form and should be denied benefits on that ground alone. It is apparent to us, however, that once an assignment form is executed, DPW could proceed to pursue a support action based on information from sources other than the recipient. The possible detrimental effects to the child or children would be the

same as if the recipient were forced to reveal the information. Appellant should not be placed in a position requiring her to rely on the good faith of DPW in not pursuing a support action. We must hold, therefore, as we did in *Harer, supra,* that until federal regulations defining standards for the application of the best-interest exception are forthcoming, action may not be taken against a recipient claiming the protection of that exception.

To the extent that DPW's newly promulgated regulations 3122.4211 and 3237.113 are inconsistent with this holding, they are invalid. A recipient relying on the exception may not be denied benefits or have a protective payee appointed for her child or children for refusing to execute an assignment of support payments until federal regulations consistent with 42 U.S.C. §602(a)(26) are promulgated.

ORDER

Now, this 19th day of July, 1977, the order of the hearing examiner in the above captioned case is reversed. The record is remanded to the Department of Public Welfare for a reinstatement of benefits due Nancy Martella and for the removal of the protective payee.

---

DISSENTING OPINION BY JUDGE WILKINSON, JR.:

I must respectfully dissent, as I did in *Harer v. Commonwealth of Pennsylvania, Department of Public Welfare,* 31 Pa. Commonwealth Ct. 136, 375 A.2d 865 (1977), on the basis that the good cause exception of 42 U.S.C. §602(a)(26)(B) is ineffective absent the promulgation of standards by HEW.

Even if the exception were in force, I could not agree with the majority that a recipient of aid need not assign support rights to the State as a condition

of eligibility for aid. The assignment of support rights is a condition of eligibility under 42 U.S.C. §602(a)(26)(A). The good cause exception does not apply to this subsection, it applies only to 42 U.S.C. §602(a)(26)(B). While, as the majority finds, "[t]he possible detrimental effects to the child or children would be the same," Congress limited the exception to refusals to cooperate, not to refusals to assign support rights.

President Judge BOWMAN joins in this dissent.