Patricia Renee Williams, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 15, 1978, before Judges CRUM-LISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Frank J. Piatek,* for appellant.

*Robert E. Kelly,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., October 19, 1978:

Appellant seeks review of a decision by a hearing examiner rendered after a fair hearing which found she was ineligible for public assistance and providing for protective payments for her two minor children. This action was based upon regulations of the Department of Public Welfare (DPW) found in Pa. Manual §§3122.4211 and 3237.211 which require applicants for assistance to assign to DPW all rights to support payments and to cooperate with DPW in establishing the paternity of a child born out of wedlock. With respect

to establishing paternity the regulations except the requirement for eligibility where a paternity action would be against the best interests of the child, specifically where conception was the result of rape, incest or adoption proceedings are pending. Appellant refused to complete the assignment form or cooperate with DPW in establishing the paternity of the youngest child, now over two years old. Although appellant stated the reason she did not wish to cooperate with DPW in establishing the paternity of the child, the hearing examiner found that since the child was not born as a result of rape, incest and that adoption proceedings were not pending, that appellant did not qualify under the "best interest" exception contained in the DPW regulations and accordingly denied public assistance benefits.

Throughout these proceedings, appellant has relied on the best interest exception contained in 42 U.S.C. §602(a)(26)[1] and our decisions in *Harer v. Depart-*

---

[1] That section requires that as a condition of eligibility for aid, an applicant is required:

(A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed,

(B) to cooperate with the State (i) in establishing the paternity of a child born out of wedlock with respect to whom aid is claimed; and (ii) in obtaining support payments for such applicant and for a child with respect to whom such aid is claimed, or in obtaining any other payments or property due such applicant or such child, unless (in either case) such applicant or recipient is found to have good cause for refusing to cooperate as determined by the State agency in accordance with standards prescribed by the Secretary, which standards shall take into consideration the best interests of the child on whose behalf aid is claimed.

. . .

*ment of Public Welfare*, 31 Pa. Commonwealth Ct. 136, 375 A.2d 865 (1977) and *Martella v. Department of Public Welfare*, 31 Pa. Commonwealth Ct. 144, 375 A.2d 869 (1977). In *Harer, supra,* we held the best interest exception of 42 U.S.C. §602(a)(26) was effective notwithstanding the absence of federal standards by which the exception is to be measured. And in *Martella, supra,* we held that until federal regulations defining standards for the application of the best-interest exception are forthcoming, action may not be taken against a recipient claiming the protection of that exception and accordingly ruled DPW regulations with regard thereto invalid. Since the hearing examiner applied these same regulations to the instant case and since federal regulations had not been promulgated regarding standards for applying the best interest rule, appellant argues that the regulations may not be applied in this case. We must agree. We are unable to distinguish this case from the factual posture and issues presented in *Martella, supra.* Further, we must note that the arguments made by the respondent in this case to support its interpretation that the best interest exception of 42 U.S.C. §602(a)(26) were considered and rejected by this Court in *Martella.* Respondent has advanced no reason why *Martella* should not control in this case and we are bound by that ruling.[2]

Accordingly, we will enter the following

ORDER

AND Now, October 19, 1978, the order of the hearing examiner dated May 6, 1977 is reversed and the

---

[2] The author of this opinion wrote the dissenting opinions in *Harer, supra,* and *Martella, supra.* Nevertheless, until the majority of this Court overrules those cases the principles therein ennunciated are the law under which the DPW must operate.

record remanded to the Department of Public Welfare for reinstatement of public assistance benefits to Patricia Renee Williams and for the removal of any protective payee appointed pursuant to that order.