## Stoltzfus v. Swift

*Lehman & Clymer*, for plaintiffs.
*Louis Weisman*, for defendants.

MUELLER, *J.*, June 3, 1981—Plaintiffs in this action claim title to a 10.231 acre parcel of land located in Salisbury Township, Lancaster County, conveyed to them by deed dated January 7, 1980 from C. G. Stoltzfus, the father of Paul H. Stoltzfus.

They assert the validity of their deed and their title to the parcel by virtue of C. G. Stoltzfus having acquired title by adverse possession. This parcel is woodland, indistinguishable from the woodland which surrounds it. C. G. Stoltzfus is the record title holder of four tracts of land which surround the parcel on the north, east and west. These four tracts contain tillable land, pasture land and woodland. The parcel is bounded on the south by property of the Aaron B. Stoltzfoos Estate. Defendant Swift does not own any property which borders this parcel, and the record title holder of the parcel is unknown. A nonjury trial was held on December 15, 1980.

On December 22, 1980 the court entered a memorandum opinion and order in which plaintiffs' request to quiet title to this 10.231 acre parcel and to declare their deed valid, conveying good and marketable fee simple title of this parcel to them, was denied as to defendant Swift. The court held that plaintiffs had failed to establish that C. G. Stoltzfus had possessed this parcel with the requisite hostile intent for the period from 1948 to 1972. Plaintiffs filed exceptions to this decision on December 31, 1980. The issue as framed in plaintiffs' brief is whether the court's finding that the Stoltzfus possession lacked the necessary element of hostile intent was contrary to the weight of the evidence and law.

To establish title by adverse possession a claimant must prove that his possession has been actual, continuous, exclusive, visible, notorious, distinct and hostile for a period of 21 years: Kaminski Bros. v. Grassi, 237 Pa. Superior Ct. 478, 352 A. 2d 80 (1975). Plaintiffs here rely heavily on the statement in Lyons v. Andrews, 226 Pa. Superior Ct. 351, 313

A. 2d 313 (1973), that hostility is implied if all other elements of adverse possession have been established. The court believes that this reliance is misplaced.

The word "hostile" in adverse possession proceedings is a term of art. It does not mean "ill will" or "hostility" in the sense of "antagonism, opposition or resistance," it means only that the person in possession intends to hold and claim title against the record title holder: Ewing v. Dauphin Co. Tax Claim Bureau, 31 Pa. Commonwealth Ct. 285, 375 A. 2d 865 (1977). "Hostility" encompasses recognition of ownership by another and the intent to hold and claim the property in spite of that ownership.

C. G. Stoltzfus testified at trial that he became interested in this parcel shortly after he purchased the tract adjacent to the eastern border of the parcel. He acquired title to that tract in 1948. Around that time, he does not recall the exact date, he was advised by counsel that the taxes had been unpaid on this parcel for some time and that eventually it would be put up for sale to satisfy this debt for delinquent taxes. C. G. Stoltzfus testified that it was his intention to buy the parcel if and when it was put up for tax sale, and that he read the legal notices in every Friday's newspaper for the advertisement of the sale. (Record of Proceedings at p. 113 and pp. 115-116). He never paid any taxes on the property except those for the year 1971, which were paid in 1972.

In March of 1972 defendant Swift paid the delinquent taxes due on the parcel from 1964 to that date, except for 1971. He also directed the Tax Claim Bureau of Lancaster County to bill him directly for future taxes as they came due. Shortly thereafter defendant Swift visited C. G. Stoltzfus

and informed Stoltzfus of the claim he was making to the property.

A deposition of C. G. Stoltzfus taken on November 10, 1980 was made a part of the record of this proceeding by stipulation of counsel. That deposition and the testimony of Stoltzfus at trial support the finding of the court that it was not until 1972 that C. G. Stoltzfus became aware of defendant Swift's claim on the parcel. Prior to that year his possession or use of the property was with the intention to buy the parcel at a future tax sale.

Plaintiffs assert that all of the elements of adverse possession, except hostile intent, have been established and ask that on that basis the court should infer the necessary hostility. In support of this argument plaintiffs cite Lyons, supra, and other cases which state that hostility may be implied where the other elements have been established. After a thorough review of the applicable case law the court concludes that that rule of law is not applicable in this case. The historical development of such rule supports the court's conclusion.

At common law the mistaken belief by a claimant that he owned the property he was claiming defeated the hostile intent required for adverse possession. See Bradford v. Guthrie, 3 Pitts. L.J. 213 (1870). These mistaken claims of ownership most often arose in cases of inadvertent encroachment onto the land of another and the resulting boundary disputes. Several states still ascribe to this rule and prevent a claimant from establishing title by adverse possession if he mistakenly believed that he owned the property. In a majority of the states this rule has given way to the more lenient rule stated in Lyons.

In these states occupancy to a visible and ascertained boundary for the statutory period is deemed the controlling factor in determining hostility in mistaken boundary line cases. See Anno.,— Adverse possession involving ignorance or mistake as to boundaries—modern views, 80 A.L.R. 2d 1171. In such cases hostile intent is presumed where the other elements are established. This is not one of those cases.

C. G. Stoltzfus and defendant Swift are not and never were adjacent landowners. This case does not involve a boundary dispute, and neither party is laboring under a mistaken belief of ownership. For that reason the rule in Lyons is not applicable in this case, and plaintiffs must prove hostile intent in the possession by C. G. Stoltzfus.

Research by the court has determined that the earliest application of the implied hostility rule was in Adams v. Tamaqua Underwear Co., 105 Pa. Superior Ct. 339, 161 Atl. 416 (1932); a boundary dispute case. All subsequent applications of the rule have been in boundary disputes. See, e.g., Lyons, supra; Burns v. Mitchell, 252 Pa. Superior Ct. 257, 381 A. 2d 487 (1977). See, also, Dimura v. Williams, 446 Pa. 316, 286 A. 2d 370 (1972) (opinion based on recognition of long standing boundary only recently disputed by the parties).

The case of Ewing v. Dauphin Co. Tax Claim Bureau, supra, cited by plaintiffs as supporting their argument is not a boundary dispute case and mentions the implied hostility rule in dictum. The Commonwealth Court cites Lyons, supra, for the proposition that a claimant's possession may be hostile even though the claimant believed he owned the land. It is unclear whether Ewing repre-

sents an extension of the implied hostility rule beyond boundary dispute cases. In any case the facts of Ewing are distinguishable from this case to the extent that Ewing involved a mistaken belief of ownership. If our appellate courts are extending the application of the implied hostility rule, there is no indication in the case law that it will be extended to cases where the claimant acknowledges the ownership of another. In such a case the claimant must prove that he is holding the land in spite of the ownership of another.

The rule of implied hostility as stated in Lyons, supra, is not applicable here. The court concludes that plaintiffs have not proved that C. G. Stoltzfus possessed the parcel in question with the necessary hostile intent. The court holds that for the period from approximately 1948 until 1972, when defendant Swift informed Stoltzfus of his claim on the parcel, Stoltzfus' possession lacked the necessary element of hostile intent.

Hostile intent is only one of the elements of adverse possession. A claimant's possession must also be actual, continuous, exclusive, visible, notorious and distinct. The deposition of C. G. Stoltsfuz taken on November 10, 1980 and made a part of the record in this case details the use of the 10 acre woodland parcel. Stoltzfus pastured cows on other land for three or more years in the mid 1950's. (Deposition at pp. 19-20 and 49). He allowed his cows to pass through this parcel to reach his other land. (Deposition at pp. 19-20 and 48-51). At some time, approximately the year 1953, he constructed a fence of two by two locust posts and one strand of electrified barbed wire along the southern boundary of the parcel to keep the cows from crossing into a neighbor's land. (Deposition at pp. 22-25 and 43).

Stoltzfus also cleared out some trees on the parcel to allow his sons to drive farm equipment through the parcel to other land he owned. The sons were not licensed drivers, and he cleared the path to keep equipment off of the highway. (Deposition at pp. 27-29 and 52). Additionally, his children and grandchildren at times played and gathered firewood on the parcel. His grandchildren built a playhouse on the parcel. (Deposition at pp. 30 and 46). The court concludes that the use of the parcel by C. G. Stoltzfus was occasional and does not constitute an actual and continuous prescriptive use as required to acquire title by adverse possession. See Snook v. Oburn, 15 D. & C. 3d 363 (1979). The occasional use by Stoltzfus was insufficient to put others on notice that the parcel was being prescriptively used by him. The court en banc finds and concludes that Stoltzfus' use of this woodland tract does not meet the requirement of open and notorious use.

The Court of Common Pleas of Snyder County has held that the acquisition of title to woodland by adverse possession requires not only the affirmative use of the woodland but also the simultaneous payment of taxes on the parcel: Snook v. Oburn, supra. The Snyder County Court's decision is based on its interpretation of the case of Baker v. Findley, 20 Pa. 163 (1853). In Baker, the Supreme Court stressed that in addition to use of the property the claimant had paid the only taxes on the property, which the court found to be indicative of the titled owners' de facto relinquishment of ownership by allowing the user to pay the taxes.

In Snook, claimants had paid taxes for the years 1962 through 1975 yet maintained they had owned the land since 1945. The court held that claimants

had not paid the taxes in a manner that such payment would defeat defendant's ownership rights.

At trial C. G. Stoltzfus stated that at the time he became interested in the parcel, approximately 1948, he did not volunteer to pay the taxes. (Record of Proceedings at pp. 115-116). Stoltzfus did pay the 1971 taxes and did attempt to pay the 1972 taxes but had that payment returned to him by the Tax Claim Bureau of Lancaster County. (Record of Proceedings at pp. 117-118) (Deposition taken November 10, 1980 at pp. 34-35 and at 43-44.) Applying the reasoning of the Snyder County Court, this court concludes that the failure by C. G. Stoltzfus to pay taxes on this parcel, except for the year 1971, simultaneously with his use of the woodland is another factor to defeat the claim that he acquired titled by adverse possession.

## ORDER

And now, June 3, 1981, plaintiffs' exceptions are dismissed.