Loretta Ricci for Dennis Ricci, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 14, 1984, before Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*Edward Feinstein,* for petitioner.

*Phillip B. Rosenthal,* Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, July 10, 1984:

Petitioner, Loretta Ricci, appeals on behalf of her son, Dennis Ricci, from an order of the Department of Public Welfare's Office of Hearings and Appeals which upheld the County Assistance office's termination of transportation benefits to her son.

Dennis Ricci is a retarded adult who is entitled to benefits under the Supplemental Security Income Program.[1] As part of his benefits under that program, the Department of Public Welfare (DPW) provided Ricci with a special needs grant[2] to cover the cost of transportation to the East Hills Work Activity Center in Pittsburgh, where Ricci received training in basic skills.

On March 30, 1982 the County Assistance Office issued an advance notice to Ricci that his transportation allowance would be discontinued because it did not qualify as transportation for ''necessary medical care'' under Section 175.23(b)(2) of the Public Assistance Manual (Manual).[3] The county's determination was upheld on appeal by the Hearing Officer, whose decision was later affirmed by the Office of Hearing and Appeals. Petitioner's request for reconsideration was denied on July 19, 1982, and appeal to this Court followed.

Petitioner does not contend that her son's transportation qualifies as medical transportation under

---

[1] Sections 1381-1383c of the Social Security Act, 42 U.S.C. §§1381-1383c (1976 & Supp. V 1981).

[2] Section 175.23(b)(3) of the Public Assistance Manual, 55 Pa. Code §175.23(b)(3).

[3] 55 Pa. Code §175.23(b)(2).

Section 175.23(b)(2) of the Manual. Instead, she argues that the transportation to the Work Activity Center qualifies as "other special transportation" under Section 175.23(b)(3) of the Manual,[4] which, at the time of the hearing, stated, in pertinent part:

> (3) *Other special transportation needs.* The cost of transportation and necessary related expenses which cannot be met from other sources will be authorized as a one time grant or included in the computation of the grant if any of the following exist:
>
> . . . .
>
> (vi) A client needs transportation which is not covered in subsection (b)(2) of this section that is part of the plan of an agency or institution for treatment of the recipient, his spouse, parent, substitute parent, or child.

In *Kniepkamp v. Department of Public Welfare,* 83 Pa. Commonwealth Ct. 572, 477 A.2d 927 (1984), a case decided this same day, we considered the identical regulations in question, and held that recipients of Supplemental Security Income were entitled to special transportation benefits under Section 175.23(b)(3), as well as medical transportation benefits under Section 175.23(b)(2). Thus, we agree with the Petitioner that the Hearing Officer should have considered whether the transportation to the Work Activity Center would qualify for an allowance under Section 175.23(b)(3) of the Manual.

DPW contends that the issue on appeal should be limited to a determination of whether the transportation allowance was correctly terminated *as medical transportation,* under Section 175.23(b)(2), in view

---

[4] 55 Pa. Code §175.23(b)(3).

of the Hearing Officer's second finding of fact, which states:

2. Since July 1978 the appellant has received from the CAO for her son transportation reimbursement for Dennis to attend the East Hills Activity Center, Pittsburgh, Pa. *as medical transportation reimbursement.* (Emphasis added.)

DPW urges that the Hearing Officer determined *as a matter of fact* that the reimbursement was for medical transportation, choosing to believe DPW's own characterization of its grant as such. DPW argues that this Court is bound by the Hearing Officer's finding on this issue because it is a finding of fact supported by substantial evidence. We do not agree.

The determination of whether the transportation allowance is a "medical transportation reimbursement" is a matter of law, not of fact. While it may indeed be a fact that DPW *characterized* its transportation allowance as medical transportation under Section 175.23(b)(2), this fact is not determinative of the legal issue as to whether the allowance is required under this, or under some other section of the Manual. Therefore, the issue on appeal was not whether Ricci was entitled to a medical transportation reimbursement, as the payment was characterized by DPW, but instead whether Ricci was entitled to *any* transportation reimbursement under the existing law and regulations.

Since we conclude that the Hearing Officer should have considered whether Ricci's transportation would qualify for an allowance under Section 175.23(b)(3) of the Manual, we must remand for additional findings of fact, limited to the issue of whether Ricci's transportation to the Work Activity Center was "part of the plan of an agency or institution" for his treatment, as required under Section 175.23(b)(3).

572

ORDER

Now, July 10, 1984, the order of the Office of Hearings and Appeals of the Department of Public Welfare, dated July 19, 1982, No. M-512-109-J, is hereby vacated, and the matter remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.