Jurisdiction relinquished.

Wilma Kniepkamp, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs March 14, 1984, to Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*Lorraine D. Taylor,* for petitioner.

*Bruce G. Baron,* Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, July 10, 1984:

Petitioner, Wilma Kniepkamp, appeals from an order of the Department of Public Welfare's Office of Hearings and Appeals which upheld the County Assistance Office's termination of Petitioner's transportation benefits.

Petitioner is a retarded adult who attends the Therapeutic Activity Center of the Mon-Yough Mental Health/Mental Retardation agency, where she receives educational training. As part of her benefits under the Supplemental Security Income Program,[1] the Department of Public Welfare (DPW) provided Petitioner with a monthly transportation grant which covered transportation to the Therapeutic Activity Center as well as to psychiatric services provided at another location.

On May 17, 1982 the County Assistance Officer issued notice to Petitioner that her transportation allowance to the Therapeutic Activity Center would be discontinued because it did not qualify as "medical transportation" under a directive issued by DPW which stated:

> The only services for which a special allowance for medical transportation allowance may be considered are acceptable diagnostic or treatment procedures provided by a licensed or certified provider. Such providers include physicians, dentists, pharmacies, hospitals, partial hospitalization, clinics and nursing homes. Day care and sheltered workshops are not medical providers.

[1] Sections 1381-1383c of the Social Security Act, 42 U.S.C. §§1381-1383c (1976 & Supp. V 1981).

On appeal, the Hearing Officer upheld the County's determination, holding that the Therapeutic Activity Center was not a medical provider. The Hearing Officer's decision was affirmed by the Office of Hearings and Appeals, and the appeal to this Court followed.

Petitioner argues that whether or not her transportation qualifies as medical transportation, she is nonetheless entitled to an allowance under Section 175.23(b)(3) of the Public Assistance Manual (Manual), 55 Pa. Code §175.23(b)(3), which authorizes transportation grants for ''other special transportation needs.''

At the time of the hearing, the relevant portions of Section 175.23(b) stated:

(b) *Special items.* Special items will be as follows:

. . . .

(2) *Transportation allowance for necessary medical care or to obtain prescription drugs.* Transportation allowance for medical care or to obtain prescription drugs will include the following:

. . . .

(ii) *No transportation.* If a client (including SSI persons) has no other means of transportation to or from a source of necessary medical care, or to obtain prescription drugs, an allowance will be authorized. . . .

(3) *Other special transportation needs.* Actual minimum cost of transportation and necessary related expenses which cannot be met from other resources will be authorized as a one time grant or included in the computation of the grant if any of the following circumstances exist:

. . . .

(vi) A client needs transportation which is not covered in subsection (b)(2) of this section that is part of the plan of an agency or institution for treatment of the recipient, his spouse, parent, substitute parent, or child.

DPW contends that while Section 175.23 applies generally to recipients of General Assistance and of Aid to Families with Dependent Children (AFDC), it applies to SSI recipients only with respect to the medical transportation provision of subsection (b)(2) where SSI recipients are specifically mentioned. DPW argues that, since Petitioner qualifies for SSI benefits and not for General Assistance or AFDC, she is limited to the medical transportation benefits of subsection (b)(2), and may not receive the additional special transportation benefits of subsection (b)(3). We find this narrow reading of the regulation unwarranted in view of Section 432(2) of the Public Welfare Code (Code),[2] which grants State Supplemental Assistance to Federal SSI recipients, and further states:

(iv) Beneficiaries of State supplemental assistance shall be eligible for cash State financial assistance to cover the cost of special needs as defined by statute and regulations promulgated under this act.

Section 175.23(b) of the Manual authorizes assistance for such special needs. Nothing in the language of the Section suggests that its applicability to SSI recipients is in any way limited. Indeed, the specific mention of SSI recipients in subsection (b)(2) suggests that the Section was intended to include this group.

---

[2] Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §432(2).

We are mindful that social legislation such as the Public Welfare Code must be broadly interpreted in order to effectuate its overriding purposes. *Harer v. Department of Public Welfare,* 31 Pa. Commonwealth Ct. 136, 375 A.2d 865 (1977). Considering the Code's requirement that SSI recipients receive assistance for special needs together with the Manual's inclusion of SSI recipients within its provision relating to such needs, we must conclude, therefore, that SSI recipients are entitled to special transportation under Section 175.23(b)(3) of the Manual.[3]

Turning to the facts of the present case, Petitioner contends that her transportation to the Therapeutic Activity Center was "part of the plan of an agency or institution" for her treatment, and is thus covered under Section 175.23(b)(3)(vi) of the Manual. Because the Hearing Officer concluded that this section did not apply, however, there were no findings of fact on this issue. We must remand, therefore, for additional findings of fact, limited to the issue of whether Petitioner's transportation to the Therapeutic Activity Center was part of an agency or institution's plan for Petitioner's treatment.

ORDER

Now, July 10, 1984, the order of the Office of Hearings and Appeals of the Department of Public Welfare, dated September 15, 1982, No. 02-P-507585-J, is hereby vacated, and the matter remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[3] DPW also refers to Section 297.3(m) of the Manual, 55 Pa. Code §297.3(m), in support of its claim that the special benefits of SSI recipients are limited to medical transportation. It is clear, however, that Section 297.3(m) merely describes administrative procedure with respect to medical transportation and does not define the limits of SSI benefits.