Edna Bardo, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 3, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three. Reargued December 5, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., MENCER, ROGERS, BLATT, DISALLE and CRAIG. Judges WILKINSON, JR. and MACPHAIL did not participate.

*Donald Driscoll*, for petitioner.

*Linda M. Gunn*, Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 27, 1979:

The appellant, Edna Bardo, appeals from an order of the Pennsylvania Department of Public Welfare (DPW) which denied her application for emergency assistance. She is a recipient of Aid to Families with Dependent Children (AFDC) for herself and her minor children, and the mobile home which she was renting was totally destroyed by a windstorm. Upon request to the County Board of Assistance, she was denied funds on the basis that no "civil disorder emergency" has been declared, and this decision was affirmed after a fair hearing was held by the DPW Hearing Officer. This appeal followed.

The appellant relied upon *Williams v. Wohlgemuth,* 400 F. Supp. 1309 (E.D. Pa. 1975), *aff'd,* 540 F.2d 163 (3d Cir. 1976), and argues that the DPW regulation here involved is invalid because it is inconsistent with federal law and is, therefore, violative of the Supremacy Clause of the Constitution of the United States, wherefore she seeks retroactive grant of benefits. The DPW agrees that the *Williams* decision is controlling but submits that it operates to bar rather than to grant the appellant's claim.

In *Williams, supra,* recipients of AFDC benefits filed a class action[1] pursuant to 42 U.S.C. §1983 chal-

---

[1] The class in *Williams v. Wohlgemuth,* 400 F. Supp. 1309 (E.D. Pa. 1975), *aff'd,* 540 F.2d 163 (3d Cir. 1976) was defined as follows:

> [A]ll citizens and bona fide residents of the Commonwealth of Pennsylvania who are *recipients of Aid to Families with Dependent Children,* who require emergency assistance pursuant to 42 U.S.C. §§603(a)(5) and 606(e), and whose need for emergency assistance in addition to their regular assistance grants was beyond their control and the granting of emergency assistance will avoid destitution, but who will in the future be denied the emergency assistance. (Emphasis added.)

400 F. Supp. at 1314.

lenging the validity of Section 6170, Appendix III, of the Public Assistance Manual, the regulation which provided emergency assistance payments to needy recipients for special needs resulting only from civil disorders and natural disasters, the regulation which was held to bar this appellant's claim. The District Court held that a state does not have the power to limit the coverage of its emergency assistance program in this manner, once it has opted to participate in the emergency assistance program under Section 406(e) of the Social Security Act, 42 U.S.C. §606(e) and federal regulations at 45 C.F.R. §223.120 and it declared the DPW emergency assistance regulation invalid under the Supremacy Clause, enjoining its enforcement as of August 22, 1975. An appeal was filed and a stay was entered on this order, which the Third Circuit Court of Appeals finally affirmed on July 20, 1976, holding that Pennsylvania's emergency assistance plan was not congruent with the Social Security Act and that the law was clear that states may not exclude from eligibility any persons who are eligible under the federal standards. *Williams, supra,* 540 F. 2d at 168. In February of 1977, the DPW issued new regulations, but, of course, this appellant's request was denied during the *Williams* stay order, while the invalid regulation was considered to be in effect, and the Hearing Officer's adverse decision in her case was returned in September 1976, when no new regulation had yet been adopted.

As to whether or not the *Williams* case is res judicata as to the appellant's claim, it is clear, of course, that this doctrine applies when there is an identity of the thing sued upon or for, identity of the cause of action, identity of persons and parties of the action and identity of the quality or capacity of the parties suing or sued. *McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 617, 300 A.2d 815, 820

(1973). The appellant is a member of the class as defined in *Williams, supra,* the suit is against the same parties, and it raises the same claim that the DPW regulation §6170 violates federal law. We believe, therefore, that the *Williams* judgment is res judicata as to her case and final and conclusive on the matter[2] here concerned.

Whether or not res judicata operates to bar the appellant rather than to grant her claim for retroactive benefits, of course, does raise a further question. When there is an identity of the cause of action, the preclusive effect of res judicata extends to any claim which was or *could have been raised in the prior action. Stevenson v. Silverman,* 417 Pa. 187, 208 A.2d 786 (1965). The moving party must recover all damages arising from a given set of facts in a single action when the first forum *has the ability* to give the relief sought in the second forum. *International Prisoners' Union v. Rizzo,* 356 F. Supp. 806 (E.D. Pa. 1973). The crucial issue then becomes whether or not in this case the federal court had the ability to give the relief requested here, *i.e.,* retroactive benefits. In Illinois, public aid recipients filed suit in district court alleging that the state was administering a federal-state program in a manner inconsistent with federal regulations. In an unpublished opinion the district court declared the state regulations to be invalid to the extent of their inconsistency with the federal regulations and ordered the state officials to pay retroactive benefits. The Seventh Circuit Court of Appeals affirmed the decision. *Jordan v. Weaver,* 472 F.2d 985 (7th Cir. 1973). On certiorari, the United States

---

[2] It is clear that a federal court decision is res judicata in subsequent state proceedings. *Stoll v. Gottlieb,* 305 U.S. 165 (1938); *Department of Labor and Industry ex rel. Unemployment Compensation Fund v. Peters,* 18 Pa. Commonwealth Ct. 448, 336 A.2d 706 (1975).

Supreme Court reversed that portion of the Court of Appeals decision which affirmed the district court's order that retroactive benefits be paid by the Illinois state officials. *Edelman v. Jordan,* 415 U.S. 651 (1974). The Court held that although "a §1983 action may be instituted by public aid recipients . . . a federal court's remedial power, consistent with the eleventh amendment is necessarily limited to prospective injunctive relief, and may not include a retroactive award which requires the payment of funds from the State Treasury. . . ." 415 U.S. at 676 (citations omitted). Because an award of retroactive benefits was not available to her in the *Williams* class action suit, we believe that the appellant is *not* estopped from requesting such relief now.

When Pennsylvania adopted an emergency assistance program it could not limit its program by restricting payment under particular emergencies. And, as we have stated, the DPW regulation under which the appellant was denied benefits was invalid because the Social Security Act required emergency assistance to be provided to all eligible recipients when they encountered an emergency. Accordingly, a recipient of AFDC eligible for emergency assistance under federal standards could not be denied benefits under invalid DPW regulations. *See Harer v. Department of Public Welfare,* 31 Pa. Commonwealth Ct. 136, 375 A.2d 865 (1977); *Caddy v. Department of Public Welfare,* 14 Pa. Commonwealth Ct. 317, 322 A.2d 140 (1974). We believe, therefore, that the determination of the DPW denying the appellant benefits was contrary to the controlling federal statute and that benefits must here be granted.[3]

---

[3] The Commonwealth may be denied federal funds because of the failure to follow federal guidelines; however, as Judge MENCER has stated for this Court in a similar situation, "[W]e cannot . . . sacrifice the rights of individuals clearly granted by law merely

The order of the DPW is reversed and the DPW is directed to afford the appellant appropriate relief consistent with this opinion.

ORDER

AND Now, this 27th day of February, 1979, the order of the Department of Public Welfare is hereby reversed and this case is remanded to the Department of Public Welfare in order to grant the Petitioner appropriate benefits consistent with this opinion.

to smooth the functioning of the sometimes erratic mechanism of bureaucracy." *Harer v. Department of Public Welfare,* 31 Pa. Commonwealth Ct. 136, 143, 375 A.2d 865, 868 (1977). The Court of Appeals in *Williams, supra,* noted as follows: "We do not, of course, require that Pennsylvania continue to accept federal funds for an emergency assistance program. But if such funds are used, the guidelines established by Congress must be followed." 540 F.2d at 170 n. 37.