451 A.2d 684

**Sharon Brawdy DANIELS, an individual and Sharon Brawdy Daniels, parent and natural guardian of Robert George Daniels, a minor, Appellants,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1981.

Filed Aug. 27, 1982.

Reargument Denied Nov. 10, 1982.

Petition for Allowance of Appeal Denied Jan. 11, 1983.

Mark E. McKinney, Pittsburgh, for appellants.

Richard J. Federowicz, Pittsburgh, for appellee.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

WIEAND, Judge:

Robert Daniels was killed on April 30, 1977 when an uninsured truck in which he was riding as a passenger left the road and collided with a utility pole. He was survived by a wife and son. A claim was made for survivor's loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act [1] and assigned to State Farm Mutual Automobile Insurance Company under Section 108 of the Act.[2] When the claim was denied, an action in assumpsit was commenced to recover survivor's loss benefits, plus attorney's fees and costs. The assumpsit action resulted in the entry of a summary judgment in favor of the decedent's wife and child. That judgment was affirmed on appeal. *Daniels v. State Farm Mutual Automobile Insurance Co.*, 283 Pa.Super. 336, 423 A.2d 1284 (1980).

Eight days after the trial court had entered summary judgment, the Superior Court filed its opinion in *Heffner v. Allstate Insurance Company*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), aff'd, 491 Pa. 447, 421 A.2d 629 (1980). Because of the decision in *Heffner*, decedent's widow and son requested the Superior Court in which the direct appeal was pending to remand the action in order to permit a claim for work loss benefits. The Superior Court denied the request, holding:

". . . *Heffner* did not change the law; it rather decided an issue of statutory construction not previously decided by an appellate court. Such an interpretation of legislative intent is regarded as part of a statute from the time the statute was enacted. *Harry C. Erb, Inc., v. Schell Construction Co., Inc.*, 206 Pa.Super. 388, 213 A.2d 383 (1965); *Buradus v. General Cement Products*, 356 Pa. 349, 52 A.2d 205 (1947). Thus, our decision in *Heffner* did not create a new right to work loss benefits. That right existed all along. Contrary to appellee's suggestion, in *Heffner* we

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101 et seq.

2. 40 P.S. § 1009.108.

did not redefine survivor's loss; we simply analyzed the distinctions between work loss and survivor's loss, noting that in the case of a deceased victim the work loss claim is comparable to a survival action and the survivor's loss claim is comparable to a wrongful death action. 265 Pa.Super. at 181; 401 A.2d at 1164–1165; *See also,* [491] Pa. at [460], 421 A.2d at 636 (Supreme Court slip op. at 13–15). So viewed, work loss benefits are a separate type of benefit, which in the present case might have been claimed but were not; the complaint only claimed survivor's loss benefits, in the maximum amount of $5,000, and judgment in that amount was entered.

In these circumstances, remand to permit a claim to be made for work loss benefits would be unwarranted. If such a claim is to be made, it must be by a separate action. We intimate no opinion as to what the outcome of such an action should be.

*Daniels v. Allstate Insurance Co., supra,* 283 Pa.Superior Ct. at 343–344, 423 A.2d at 1288.

After the direct appeal had been decided, the present appellants, despite the holding of the Superior Court, nevertheless filed a separate petition in the trial court requesting that they be allowed to file an amended complaint in the assumpsit action in order to assert a claim for work loss benefits. The petition was denied, and this appeal followed. We affirm.

▮▮▮ The trial court correctly observed that when this case was previously before the Superior Court, a panel denied appellants' request that the action be remanded to allow an amendment. The prior decision of this Court was the law of the case and prevented the trial court from re-opening the instant litigation. *Albright v. Wella Corporation,* 240 Pa.Super. 563, 567, 359 A.2d 460, 463 (1976). "A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal." *Haefele v. Davis,* 380 Pa. 94, 98, 110 A.2d 233, 235 (1955). Accord: *Commonwealth v. Romberger,* 474 Pa. 190, 193–194,

378 A.2d 283, 284 (1977); *Drew v. Laber,* 277 Pa.Super. 419, 423, 419 A.2d 1216, 1218 (1980); *Blymiller v. Baccanti,* 236 Pa.Super. 211, 213, 344 A.2d 680, 681 (1975). Similarly, "[i]t is a general rule of law that issues decided by an appellate court on a prior appeal between the same parties will not be reconsidered on a second appeal." *Albright v. Wella Corporation, supra,* 240 Pa.Super. at 567, 359 A.2d at 463. See also: *Commonwealth v. Tick, Inc.,* 431 Pa. 420, 427, 246 A. 2d 424, 427 (1968); *Kuchinic v. McCrory,* 422 Pa. 620, 625 n. 7, 222 A.2d 897, 900 n. 7 (1966); *Delaware River Port Authority v. Pennsylvania Public Utility Commission,* 408 Pa. 169, 174, 182 A.2d 682, 684 (1962); *Blake v. Mayo Nursing and Convalescing Home, Inc.,* 245 Pa.Super. 274, 279, 369 A.2d 400, 402 (1976); *Bonfitto v. Nationwide Mutual Insurance Co.,* 195 Pa.Super. 546, 550, 172 A.2d 176, 178 (1961), *aff'd,* 406 Pa. 184, 177 A.2d 453 (1962). "Under any other rule, litigation would never cease, and finality and respect for orderly processes of law would be overcome by chaos and contempt." *Haefele v. Davis, supra* 380 Pa. at 98, 110 A.2d at 235.

■ Thus, we will not now consider the argument made by appellants that the prior panel of this Court was in error when it refused to remand to allow an amendment to allege a claim for work loss benefits. We observe, however, that if the claim for work loss benefits be, as appellants contend, an enlargement of the ad damnum clause of the original complaint and, therefore, not assertible in a separate action, the trial court was nevertheless correct in denying the petition to amend. Appellants' assumpsit action, presenting a claim under the Pennsylvania No-fault Motor Vehicle Insurance Act, had been litigated to final judgment. That judgment was res judicata not only as to damages actually claimed therein but also as to damages that might have been claimed. See: *Spinelli v. Maxwell,* 430 Pa. 478, 243 A.2d 425 (1968); *Helmig v. Rockwell Manufacturing Company,* 389 Pa. 21, 29–31, 131 A.2d 622, 626–627 (1957); *Kiely v. J.A. Cunningham Equipment, Inc.,* 387 Pa. 598, 128 A.2d 759 (1957); *Bardo v. Commonwealth of Pennsylvania, Department of Public Welfare,* 40 Pa.Cmwlth. 585, 589, 397 A.2d

1305, 1307 (1979); *Jenkins v. Jenkins,* 246 Pa.Super. 455, 463–464, 371 A.2d 925, 929–930 (1977). This is a principle of law pertaining to the finality of judgments. The complaint could not thereafter be amended to assert a claim for additional damages.

Order affirmed.