460 A.2d 330

**Spero A. BRANOFF, Sr. and Juditha Branoff, Appellants**

v.

**Stella FITZPATRICK.**

Superior Court of Pennsylvania.

Argued June 24, 1982.

Filed May 13, 1983.

Petition for Allowance of Appeal Granted Aug. 24, 1983.

Wieand, J., dissented and filed opinion in which Cirillo, J., joined.

Neil J. Rovner, Harrisburg, for appellants.

Bernadette Barattini, Harrisburg, for appellee.

Before CERCONE, President Judge, and SPAETH, CA-VANAUGH, WIEAND, McEWEN, CIRILLO and MON-TEMURO, JJ.

CAVANAUGH, Judge:

On December 24, 1977, the appellants, Spero A. Branoff, Sr. and Juditha Branoff were involved in a motor vehicle accident with appellee, Stella Fitzpatrick, which allegedly caused property damage as well as personal injuries to Spero A. Branoff, Sr. In October, 1978, appellant, Spero A. Branoff, Sr. commenced an action in trespass against the appellee, alleging property damage only. This case was referred to arbitration and the arbitrators awarded Mr. Branoff $639.00 and costs in that action and this case has been terminated.

On December 18, 1979, the appellants commenced a second action of trespass based on the automobile accident, this time alleging personal injuries and loss of consortium. The appellee filed preliminary objections in the nature of a demurrer, on the ground that the second action was barred by reason of appellant's failure to assert all claims arising out of the accident of December 24, 1977, in the prior trespass action. The court below, in an order by Caldwell, J., sustained the appellee's demurrer and dismissed the complaint. The appellants have appealed to this Court from the order of dismissal.

■ The court below relied on *Spinelli v. Maxwell*, 430 Pa. 478, 243 A.2d 425 (1968) in dismissing the appellants' complaint. In that case, the plaintiff brought an action to recover for property damages only and an arbitration panel found in favor of the plaintiff. He subsequently brought an action in trespass for personal injuries arising out of the same accident. The Supreme Court held that the action for property damages barred a later trespass action between the same parties for personal injuries. The court stated at 430 Pa. 480, 481, 243 A.2d at 427 (1968):

When personal injuries to a person and damages to his property arise from the same cause and the same tortious act, the person who has sustained such personal injuries and property damage *must* seek recovery for both in a single action and, if separate actions are instituted for each category of damage and a judgment is rendered in one of such actions, the entry of such judgment has the effect of *res judicata* and bars recovery in the other action. Such is the view of a substantial majority of jurisdictions in the United States,[1] and to this view Pennsylvania has long adhered. See: *Fields v. Philadelphia Rapid Transit Co.*, 273 Pa. 282, 117 A. 59 (1922); *Fisher v. Hill*, 368 Pa. 53, 81 A.2d 860 (1951); *Saber v. Supplee-Wills-Jones Milk Co.*, 181 Pa.Super. 167, 124 A.2d 620 (1956).[2]

In *Spinelli* the Supreme Court stated that the answer to the question whether the action for property damages must

be joined with that for personal injury "turns on whether there is only one cause of action or more than one cause of action." *Spinelli v. Maxwell,* 430 Pa. 478, 481, 243 A.2d 425, 427. The rationale of *Spinelli* was that the wrongful act, i.e., the negligence that caused the damages constituted one cause of action and therefore the property damage and the personal injury claim had to be joined in one action. As to the meaning of "cause of action": "[i]t has been held that the cause of action in a negligence action is the 'negligent act or acts which occasioned the injury: ...' " *Sanchez v. City of Philadelphia,* 302 Pa.Super. 184, 448 A.2d 588, 589 (1982).[1] However *Spinelli, supra,* was decided prior to Pennsylvania's No-Fault Act which has changed the traditional concept of "cause of action" in cases to which it applies. In the instant case, we must determine whether the cause of action for property damage and personal injuries is one cause of action under the Pennsylvania No-Fault, Motor Vehicle Insurance Act, Act of July 19, 1974 P.L. 489 No. 176, 40 P.S. 1009.101 et seq. Under section 301 of the Act, tort liability is abolished for any *injury* that takes place in Pennsylvania unless certain thresholds are met as set forth in the Act.[2] Tort liability is not abolished by the act with reference to property damage.

[1]. As pointed out in *Sanchez v. City of Philadelphia, supra,* 302 Pa.Super. 184, 448 A.2d 588, 589, footnote 1:

1. It once was thought that the phrase could be easily defined. *Shenandoah Borough v. Philadelphia,* 367 Pa. 180, 190, 79 A.2d 433, 438, *cert. denied sub nom., School District v. Philadelphia,* 342 U.S. 821, 72 S.Ct. 39, 96 L.Ed. 621 (1951) ("There is no difficulty in defining the phrase 'cause of action.' ") However, the Court has more recently acknowledged that the definition is more troublesome than had been thought. *See Kuisis v. Baldwin-Lima-Hamilton Corp., supra* 457 Pa. [321] at 325 n. 7, 319 A.2d [914] at 918 n. 7 ("This Court has never adopted a comprehensive definition of what constitutes a cause of action, for the excellent reason that no such definition exists.")

[2]. Section 301 of the No-Fault Insurance Act, 40 P.S. § 1009.301 provides in part:

§ 1009.301  Tort liability

(a) **Partial abolition.**—Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that:

*Spinelli, supra,* must be read in the light of the No-Fault Act and in this respect we are guided by *Bond v. Gallen,* 292 Pa.Super. 207, 437 A.2d 7 (1981) which held that the two year statute of limitations does not start to run until the claimant knows or in the exercise of reasonable diligence should have known that one of the thresholds specified in section 301(a) of the No-Fault Act has been reached. The rationale of the case is that the cause of action for personal injuries does not exist until the threshold has been reached.[3]

In the instant case the accident, or cause of the injuries and property damages accrued on December 24, 1977 and the cause of action arose on that date for the property damages. Prior to no-fault, and in a less complex legal era with reference to the concept of cause of action,

(5) A person remains liable for damages for non-economic detriment if the accident results in:

(A) death or serious and permanent injury; or

(B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750). For purposes of this subclause, the reasonable value of hospital room and board shall be the amount determined by the Department of Health to be the average daily rate charged for a semi-private hospital room and board computed from such charges by all hospitals in the Commonwealth; or ...

3. The court stated in *Bond v. Gallen,* 292 Pa.Super. at 211, 437 A.2d at 9:

To say, as *Donnelly* [*v. DeBourke,* 280 Pa.Superior Ct. 486, 421 A.2d 826 (1980)] did, that the statute of limitations starts to run from the date of the accident, even when none of the No-fault Act's thresholds has been reached, *is to say that the statute starts to run from a date on which, and even though, the cause of action did not exist.* (Emphasis added).

This court considered *Bond, supra,* in *Myers v. USAA Casualty Insurance Co.,* 298 Pa.Super. 366, 444 A.2d 1217, 1221 (1982) and stated:

*We reasoned in Bond that until one of the requirements of section 301(a) is met no cause of action against the third party tortfeasor even exists* and to hold that the limitations period begins to run prior to the existence of a cause of action would be unjust and unnecessary. (Emphasis added).

the personal injuries cause of action would also have accrued on that date and the clock of the statute of limitations for both property damage and personal injury would have started ticking on the date of the accident. Since the passage of the No-Fault Act and the decision in *Bond v. Gallen, supra,* the cause of action with respect to Section 301 tort liability does not exist until the claimant knows or in the exercise of reasonable diligence should have known that a Section 301 threshold has been reached. The cause of action for property damages arises when the negligence occurs, and notwithstanding that the same act of negligence may cause personal injuries, the cause of action for such injuries may well accrue at a different time than the cause of action for property damages. In the case before us the causes of action for property damages and personal injuries did not accrue at the same time and are governed by the statute of limitations which commences running at different times. Within the framework of the No-Fault Act, there may be separate causes of action for property damage and personal injuries although one act caused both. Under the facts of this case there is no requirement that the claim for property damages be joined with that for personal injuries and loss of consortium as they are based on causes of action which accrued at different times. Accordingly, the court below erred in sustaining appellee's preliminary objections.

One final matter should be discussed. In the instant case, the appellants knew or should have known that the Section 301 threshold had been reached before they commenced their action for property damages. They could have commenced an action in tort for personal injuries and loss of consortium at the same time the action for property damages was commenced. Notwithstanding this, there is no requirement that the action for personal injuries be joined with that for property damages since the causes of action accrued at different times. We should not further refine the law to require joinder of property damage claims and Section 301 tort claims in one action, if the 301 threshold has been reached prior to the commencement of the

action for property damage. There is nothing to bar the claimant from joining the actions, if he desires, but to etch such a requirement in law is unwarranted.

Order reversed and case remanded.

WIEAND, J., files dissenting opinion.

CIRILLO, J., joined dissent.

WIEAND, Judge, dissenting:

A majority of the Court concludes that the Pennsylvania Motor Vehicle No-fault Insurance Act[1] has overruled, by implication, prior Supreme and Superior Court decisions holding that a person who has sustained personal injuries and property damage arising out of the same tortious act *must* seek recovery for both in a single action. Because the majority's decision is contrary to well established legal principles and also because it will create unwarranted uncertainty for litigants and unnecessary burdens for an already overburdened judicial system, I must respectfully dissent.

On December 24, 1977, vehicles operated by Spero A. Branoff, Sr. and Stella Fitzpatrick collided at an intersection in the City of Harrisburg. As a result of the collision, the Branoff vehicle was demolished, and Mr. Branoff sustained personal injuries. In October, 1978, Branoff instituted an action against Fitzpatrick to recover damages to his vehicle. The action was heard by a board of arbitrators which entered an award in favor of Branoff and against Fitzpatrick for property damage in the amount of $639. The award was thereafter paid and the action terminated.

When Branoff's action for property damages was commenced, his personal injuries were such that he also possessed a fully accrued right to maintain a common law action in tort therefor, i.e., he had met the requirements of the No-fault Act for maintaining an action at law against the tortfeasor. An action for personal injuries, however,

1. Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq.

was not commenced until December 18, 1979, almost a year after the arbitration award in the earlier action. Fitzpatrick filed preliminary objections in the nature of a demurrer, asserting that the second action was barred by principles of res judicata. The trial court sustained these preliminary objections and dismissed the complaint. This appeal followed.

The law is well settled that a "cause of action" in a negligence action is the "negligent act or acts which occasioned the injury." *Sanchez v. City of Philadelphia,* 302 Pa.Super. 184, 187, 448 A.2d 588, 589 (1982) quoting *Saracina v. Cotoia,* 417 Pa. 80, 85, 208 A.2d 764, 767 (1965). Accord: *Page's Department Store v. Velardi,* 464 Pa. 276, 283 n. 5, 346 A.2d 556, 559 n. 5 (1975); *Kuisis v. Baldwin-Lima-Hamilton Corporation,* 457 Pa. 321, 325–326, 319 A.2d 914, 918 (1974); *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 459–460, 219 A.2d 676, 678–679 (1966); *Fisher v. Hill,* 368 Pa. 53, 59–60, 81 A.2d 860, 864 (1951); *Cox v. Wilkes-Barre Railway Corporation,* 334 Pa. 568, 570, 6 A.2d 538, 539 (1939); *Connor v. Allegheny General Hospital,* 300 Pa.Super. 321, 325–326, 446 A.2d 635, 638 (1982), allocatur granted September 20, 1982; *Junk v. East End Fire Department,* 262 Pa.Super. 473, 490, 396 A.2d 1269, 1277 (1978); *Brungard v. Hartman,* 46 Pa.Cmwlth. 10, 15 n. 7, 405 A.2d 1089, 1092 n. 7 (1979). The law is equally well established that a cause of action for negligence cannot be split or divided. In *Spinelli v. Maxwell,* 430 Pa. 478, 243 A.2d 425 (1968), the Supreme Court said:

"When personal injuries to a person and damages to his property arise from the same cause and the same tortious act, the person who has sustained such personal injuries and property damage *must* seek recovery for both in a single action and, if separate actions are instituted for each category of damage and a judgment is rendered in one of such actions, the entry of such judgment has the effect of *res judicata* and bars recovery in the other action. Such is the view of a substantial majority of

jurisdictions in the United States, and to this view Pennsylvania has long adhered."

*Id.*, 430 Pa. at 480–481, 243 A.2d at 427 (footnote omitted) (emphasis in original). See also: *Fisher v. Hill, supra,* 368 Pa. at 59–60, 81 A.2d at 864; *Simodejka v. Williams,* 360 Pa. 332, 335, 62 A.2d 17, 18–19 (1948); *Fields v. Philadelphia Rapid Transit Company,* 273 Pa. 282, 286, 117 A. 59, 60 (1922); *Bardo v. Commonwealth, Department of Public Welfare,* 40 Pa.Cmwlth. 585, 589, 397 A.2d 1305, 1307 (1979); *Travelers Insurance Company v. Hartford Accident and Indemnity Company,* 222 Pa.Super. 546, 549, 294 A.2d 913, 915 (1972); *Saber v. Supplee-Wills-Jones Milk Company,* 181 Pa.Super. 167, 169–170, 124 A.2d 620, 621 (1956); Restatement, Second, Judgments §§ 24, 25.

Under the doctrine of res judicata a judgment is conclusive as between the parties and their privies with respect to every fact that could properly have been considered in reaching the determination and in respect to all points of law relating directly to the cause of action and affecting the subject matter before the court. *Bearoff v. Bearoff Brothers, Inc.,* 458 Pa. 494, 498, 327 A.2d 72, 75 (1974); *Goldstein v. Ahrens,* 379 Pa. 330, 334, 108 A.2d 693, 695 (1954); *Wallace's Estate,* 316 Pa. 148, 153, 174 A. 397, 399 (1934); *Philadelphia Electric Company v. Borough of Lansdale,* 283 Pa.Super. 378, 389, 424 A.2d 514, 519 (1981); *Township of Ohio v. Builders Enterprises, Inc.,* 2 Pa.Cmwlth. 39, 41, 276 A.2d 556, 557 (1971). Where the same cause of action is involved, a plaintiff's cause of action is merged in a final judgment if he wins, or barred by it if he loses. The scope of the merger or bar includes not only matters litigated but also matters that should have been litigated. *McCarthy v. Township of McCandless,* 7 Pa.Cmwlth. 611, 617, 300 A.2d 815, 819 (1973). See also: Restatement, Second, Judgments §§ 18, 19. Thus, a judgment is final not only as to damages actually claimed but also as to damages that might have been claimed. *Daniels v. State Farm Mutual Automobile Insurance Co.,* 305 Pa.Super. 352, 356, 451 A.2d 684, 686 (1982); *Bardo v. Commonwealth, Department of Public*

*Welfare, supra* 40 Pa.Cmwlth. at 589, 397 A.2d at 1307. The doctrine of res judicata serves to expedite the consideration of individual cases, to establish the certainty and finality of court judgments and to protect a party from vexatious litigation. *Exner v. Exner,* 268 Pa.Super. 253, 257, 407 A.2d 1342, 1344 (1979).

My reading of the No-fault Act does not disclose a legislative intent, express or implied, to overrule these well established principles. The No-fault Act abolished tort liability for personal injuries except in certain situations defined specifically by Section 301(a).[2] These exceptions in-

**2.** This section appears at 40 P.S. § 1009.301(a) as follows:

(a) **Partial abolition.**—Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that:

(1) An owner of a motor vehicle involved in an accident remains liable if, at the time of the accident, the vehicle was not a secured vehicle.

(2) A person in the business of designing, manufacturing, repairing, servicing, or otherwise maintaining motor vehicles remains liable for injury arising out of a defect in such motor vehicle which is caused or not corrected by an act or omission in the course of such business, other than a defect in a motor vehicle which is operated by such business.

(3) An individual remains liable for intentionally injuring himself or another individual.

(4) A person remains liable for loss which is not compensated because of any limitation in accordance with section 202(a), (b), (c) or (d) of this act. A person is not liable for loss which is not compensated because of limitations in accordance with subsection (e) of section 202 of this act.

(5) A person remains liable for damages for non-economic detriment if the accident results in:

(A) death or serious and permanent injury; or

(B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750). For purposes of this subclause, the reasonable value of hospital room and board shall be the amount determined by the Department of Health to be the average daily rate charged for a semi-private hospital room and board computed from such charges by all hospitals in the Commonwealth; or

clude actions to recover non-economic loss in cases of death or serious bodily injuries, where an injured person is unable to perform his or her usual daily activities for more than sixty days, and where the expenditure of reasonable and necessary medical and dental services has exceeded the sum of $750. In *Bond v. Gallen*, 292 Pa.Super. 207, 437 A.2d 7 (1981) (Cercone, P.J., and Johnson dissenting),[3] this Court held that the statute of limitations did not begin to run on a common law action for personal injuries until such time as one of the Section 301(a) thresholds had been reached. To reach this result, the Court reasoned that the legislature had abolished the cause of action for non-economic loss caused by negligence and had not merely imposed a limitation on the remedy for such negligence. *Id.*, 292 Pa.Superior at 210, 437 A.2d at 9. The majority in the case sub judice relies upon and extends this reasoning. It holds that the No-fault Act intended to create separate causes of action for property damage, which were not abolished, and for personal injuries, which were barred unless and until certain thresholds were met. I am unable to accept this reasoning. I am also unable to accept the desirability of permitting one negligent act to support more than one action. Irrespective of the validity of the result achieved in *Bond v. Gallen, supra,* that *holding* does not compel the result achieved by the majority in this case. It does not require that we overrule the long line of cases which have defined the cause of action as the negligent act or acts causing injury and holding that the cause of action cannot be split.

> (C) medically determinable physical or mental impairment which prevents the victim from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities and which continues for more than sixty consecutive days; or
> (D) injury which in whole or in part consists of cosmetic disfigurement which is permanent, irreparable and severe.
> (6) A person remains liable for injury arising out of a motorcycle accident to the extent that such injury is not covered by basic loss benefits payable under this act, as described in section 103.

**3.** Allocatur was granted by the Supreme Court on March 16, 1982.

The majority's reasoning is contrary not only to the decided cases, but also to the present trend in legal thinking. Current legal thought makes the claim *"coterminous with the transaction* regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff ... and regardless of the variations in the evidence needed to support the theories or rights. *The transaction is the basis of the litigative unit or entity which may not be split."* Restatement, Second, Judgments § 24, comment a (emphasis supplied). "[W]here one act causes a number of harms to, or invades a number of different interests of the same person, there is still but one transaction; *a judgment based on the act usually prevents the person from maintaining another action for any of the harms not sued for in the first action."* Restatement, Second, Judgments § 24, comment c (emphasis supplied).

In the instant action, there was one accident caused, allegedly, by the negligent driving of appellee. As a result, the husband-appellant sustained both personal injuries and property damage. When he filed a complaint to recover damages caused to his vehicle he was already aware that he had met the statutory threshold which permitted him to assert also a claim for personal injuries.

In my judgment, there are compelling reasons for holding that under such circumstances all claims must be asserted in one and the same action. Neither substantive theory nor practical necessity can support the additional burdens that will be placed upon an already overtaxed judiciary by permitting appellants to bring two actions where one will suffice. Certainly, the right to recover different types of damage caused by one negligent act does not justify a multiplicity of suits. Indeed, neither the circumstances of this case nor a desire to protect the future rights of injured claimants can justify the potential for vexatious litigation which follows from judicial endorsement of a procedure which permits separate actions to enforce one cause of action.

574

It may be that exceptional cases will arise—this is not one of them—in which an injured party who has previously sued for and recovered damages for destruction of property will thereafter achieve a threshold requirement under the No-fault Act which entitles him or her to maintain an action for non-economic loss. However, it is entirely unnecessary, in my judgment, to rewrite the settled law of this Commonwealth in order to accommodate such a litigant and allow full recovery. To accommodate such a litigant it is necessary only to follow that corollary to the doctrine of res judicata which holds that a party must seek in one action those damages "arising from a given set of facts [only] ... when the first forum *has the ability* to give the relief sought...." *Bardo v. Commonwealth, Department of Public Welfare, supra* 40 Pa.Cmwlth. at 589, 397 A.2d at 1307 (emphasis in original); *International Prisoners' Union v. Rizzo*, 356 F.Supp. 806, 810 (E.D.Pa.1973). A second action can always be maintained to obtain relief which the initial court lacked the power or ability to award. Where an action for property damage has been litigated prior to the time when a No-fault threshold has been attained, a court obviously does not have the ability to award damages for non-economic loss. The injured party, therefore, is under no compulsion to seek damages for non-economic loss in that action; and a second action for such damages can thereafter be maintained. See and compare: *Daniels v. State Farm Mutual Automobile Insurance Company, supra* 305 Pa.Super. at 356, 451 A.2d at 686 and cases cited therein; Restatement, Second, Judgments § 26.

In the instant case, however, appellants' claims for property damage and non-economic loss could and should have been included in one action. They were part of the same cause of action. Because the judgment in the first action is conclusive of issues which were or might have been raised therein, I agree with the trial court that under existing law a second action cannot be maintained.

I would affirm the judgment of the trial court.