462 A.2d 1380

Donald E. PULLIUM, Appellant,

v.

LAUREL SCHOOL DISTRICT and Thomas Russell Brown.

LAUREL SCHOOL DISTRICT,

v.

Donald E. PULLIUM, Appellant.

LAUREL SCHOOL DISTRICT, Appellant,

v.

Donald E. PULLIUM.

Superior Court of Pennsylvania.

Submitted April 12, 1982.

Filed July 15, 1983.

Gordon C. Post, Jr., New Castle, for appellant (Nos. 1106 and 634) and for appellee (No. 679).

Charles W. Garbett, Ellwood City, for appellant (No. 679) and for appellee (Nos. 1106 and 634).

Before HESTER, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

These consolidated appeals arise from an automobile/school bus collision which occurred February 16, 1977. We shall discuss the appeals at Nos. 634 and 679

Pittsburgh 1981 separately from No. 1106 Pittsburgh, 1980, as the latter appeal arose from a different commencement of suit.

## NOS. 634 & 679 PITTSBURGH 1981

On July 22, 1977, Laurel School District (Laurel) initiated a trespass action at No. 571 of 1977 for property damages caused to one of its school buses as a result of a collision with the vehicle operated by Donald E. Pullium (Pullium). The case was referred to compulsory arbitration and, after a hearing, an award for Laurel was rendered for the full amount of damages proved, $2,795.00.[1]

Pullium timely appealed the award to the common pleas court by filing a notice of appeal and (1) paying $150 to the prothonotary for the arbitrators' fee, (2) paying $46.25 costs accrued and (3) filing an appeal bond in the amount of $46.25. Laurel then filed a Motion to Quash the appeal, which Motion was denied by the trial court. Laurel's subsequent appeal to this court from the trial court's denial of the Motion to Quash was quashed as arising from a nonappealable interlocutory order.[2]

On appeal de novo in the common pleas court, a jury trial was held, resulting in a verdict for Laurel.[3] The verdict was then molded to include delay damages, pursuant to Pa.R.C.P. 238. Pullium's post-verdict motions for a new trial and judgment n.o.v. were dismissed on June 4, 1981 for his failure to file a brief pursuant to Local Rule 101(8). Laurel's motion for judgment n.o.v., alleging that Pullium's appeal from the award of arbitrators was defective, was refused on June 4, 1981. Both parties appealed to this court.

---

1. Neither Pullium nor his counsel appeared before the arbitrators.

2. *Laurel School District v. Pullium,* 270 Pa.Super. 622, 417 A.2d 783 (1979).

3. The jury verdict determined Pullium to be 65% negligent and Laurel 35% negligent.

(a) Appeal of Laurel School District (No. 679)

The appeal of Laurel concerns (1) whether the filing of an appeal bond in only the amount of record costs already accrued satisfies statutory requirements for perfecting an appeal from an arbitrators' award and (2) whether the alleged failure to comply with the statutory requirements concerning appeal bonds requires such an appeal to be quashed.

The applicable statute, 5 P.S. § 71[4] states:

### § 71. Parties may appeal

Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions, viz.:

I. The party appellant, his agent, or attorney, shall make oath or affirmation, that "it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done."

II. Such party, his agent or attorney, shall pay all the costs that may have accrued in such suit or action.

III. The party, his agent, or attorney, shall enter into the recognizance hereinafter mentioned.

IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket.

V. In all cases under section 8.1 hereof, any party appealing shall first repay to the county the fees of the members of the board of arbitrators herein provided for, but not exceeding fifty per cent of the amount in controversy. The balance of the arbitrator's fees shall be absorbed and paid by the county. Such fees shall not be taxed as costs or be recoverable in any proceeding. All appeals shall be de novo. (footnote omitted)

4. Repealed April 28, 1978, P.L. 202, No. 53, § 2(a)[149], eff. June 27, 1980. See 42 Pa.C.S.A. § 7361(d).

Also, 42 P.S. 921 [5] states:

> § 921. Bail absolute in double amount of costs
>
> In lieu of bail heretofore required by law, in the case mentioned, the bail in cases of appeal from the judgments of aldermen and justices of the peace, and from the awards of arbitrators, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellants.

■ It is well-settled that the statutory requirements for the perfecting of an appeal from an award of arbitrators are jurisdictional. *James F. Oakley, Inc. v. School District of Philadelphia,* 464 Pa. 330, 346 A.2d 765 (1975).

Pullium has complied with all requirements for perfecting his appeal *except* that his recognizance was not filed in *double* the amount of costs, as required by 42 P.S. § 921.

■ However, this court will not quash an appeal from an award of arbitrators where there has been substantial compliance with such requirement. *Polascik v. Baldwin,* 245 Pa.Super. 1, 369 A.2d 263 (1976). In the instant case, Pullium has proceeded in substantial compliance with the requirements for such an appeal.

The usual remedy in a situation such as the instant case would be to remand for the filing of a proper recognizance. *See e.g. Hamilton v. Harida,* 280 Pa.Super. 45, 421 A.2d 396 (1980); *Beth-Allen Sales Co. v. Hartford Ins. Group,* 217 Pa.Super. 42, 268 A.2d 203 (1970). However, because Pullium has filed a recognizance, albeit defective for its failure to be in an amount double the probable costs, a remand of the instant case would only serve to further delay the resolution of the instant case. The trial court was correct in its determination not to quash Pullium's appeal from the award of arbitrators. Although the trial court

5. Repealed April 28, 1978, P.L. 202, No. 53, § 2(a)[210], eff. June 27, 1980.

should have required Pullium to correct the amount of his recognizance, we shall permit Pullium to file an amended recognizance upon remand of the record to the trial court after disposition of the instant appeals.[6]

We hold that the trial court did not err in denying Laurel's Motion to Quash Pullium's appeal.

(b) Appeal of Donald E. Pullium (No. 634)

Pullium argues on this appeal that (1) the trial court erred in refusing his Motion to Consolidate the action at No. 571 of 1977 (*Laurel v. Pullium*) with the action at No. 119 of 1979 (*Pullium v. Laurel* et al.) and (2) the trial court erred in dismissing his motions for a new trial and judgment n.o.v.

 Pullium's Motion for Consolidation was filed and denied on January 15, 1980. Pullium had initiated his action at No. 119 of 1979 by writ of summons on February 1, 1979. However, no complaint was filed until January 24, 1980. Therefore, the trial court did not err in refusing Pullium's Motion for Consolidation when it had before it only Pullium's bare allegations that the two actions were based on the same subject matter. Also, the action at No. 119 of 1979 involved a defendant not a party to the other action. The decision to consolidate actions rests within the discretion of the trial court and is not a matter of right. *Trinity Area School District v. Dickson*, 223 Pa.Super. 546, 302 A.2d 481 (1973). *See also* Pa.R.C.P. 213(a). The trial court correctly refused to consolidate the actions.

 Pullium also argues that the trial court erred in dismissing his post-verdict motions. The trial court based its dismissal on Pullium's failure to file a brief, as required by Lawrence County Local Rule 101(8).

Pullium's allegations in those post-verdict motions are strictly boilerplate. Boilerplate allegations in post-verdict motions will not be considered in passing on whether or not

---

6. We note that current procedure on appeal from compulsory arbitration awards has eliminated the requirement of filing a recognizance, bond or other security. Pa.R.C.P. 1308(c).

relief should be granted. *See Carnicelli v. Bartram*, 289 Pa.Super. 424, 433 A.2d 878 (1981). Therefore, the trial court properly dismissed Pullium's post verdict motions.[7]

## NO. 1106 PITTSBURGH 1980

The facts relating to Pullium's appeal at No. 1106 related to the same automobile/school bus collision as the previous appeals.

Pullium filed a praecipe for writ of summons in trespass on February 1, 1979 and a complaint on January 24, 1980. The complaint alleged, *inter alia*, that defendants' negligence caused property damage to Pullium's vehicle and Pullium suffered "severe and personal injuries, some of which are permanent in nature", including permanent disfiguration of his face as a result of scarring. Defendants served Pullium with interrogatories on February 12, 1980. On August 25, 1980, defendants filed a Motion for Sanctions pursuant to Pa.R.C.P. 4019 for Pullium's failure to answer those interrogatories. Although answers to the interrogatories were filed by Pullium on September 2 and October 6, 1980, defendants alleged that those answers were inadequate. On September 17, 1980 the trial court issued the following order:

> NOW, September 17, 1980 following hearing on Defendant's Motion for Sanctions, Court action thereupon is deferred until October 6, 1980, it being further Ordered that Plaintiff on or before said date shall supply Defendant's Counsel by submission of medical bills, medical reports or other appropriate action, evidence that Plaintiff's Personal Injury claim is entitled to proceed as not being barred pursuant to the provisions of The Pennsylvania No-Fault Motor Vehicle Insurance Act and in the event Plaintiff fails to comply with this Order, Defendant, upon application to Court, shall be entitled to dismissal of that part of Plaintiff's Complaint which relates to his Personal Injury Claim.

---

7. We note that this court is empowered to affirm on reasoning different than that of the trial court. *Lobianco v. Property Protection, Inc.*, 292 Pa.Super. 346, 437 A.2d 417 (1981).

BY THE COURT
/s/ W.R. Balph, J.

A deposition of Pullium was held on September 19, 1980. Defendants filed a Motion to Dismiss the personal injury claim on October 10, 1980 for Pullium's failure to submit bills, medical reports or other evidence that would indicate that the personal injury claim met any of the threshold requirements as required under the No-fault Motor Vehicle Insurance Act.[8] Pullium filed an answer to the motion, stating that defendants had been informed of medical bills totalling $738.70. The court dismissed Pullium's complaint "insofar as it states a claim for personal injury" on October 10, 1980. Pullium's Motion for Reconsideration was denied and this appeal followed.

Pullium argues that (1) the Order of September 17, 1980 was so vague and imprecise that he was not reasonably informed as to what actions were required of him and (2) the trial court erred in dismissing his personal injury claim.

■ Although neither party on appeal has challenged the jurisdiction of this court to resolve this matter, it is fundamental that neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Giannini v. Foy*, 279 Pa.Super. 553, 421 A.2d 338 (1980). We shall therefore consider the issue of the appealability of the trial court's order of October 10, 1980 sua sponte.

■ This court has jurisdiction over "all appeals from final orders of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742. In determining what constitutes a final order we look to a practical rather than technical construction of the order. *Bracken v. Bracken*, 294 Pa.Super. 371, 439 A.2d 1247 (1982). A final order is an order which either ends the litigation or disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974).

**8.** 40 P.S. § 1009.101 *et seq.*

An order dismissing some but not all counts of a multi-count complaint is interlocutory, as appellant has not been put "out of court". *Bracken v. Bracken, supra.* Such is the case before us. Pullium requests both personal injury *and property* damages in his complaint. The order of October 10 dismisses only the personal injury claim. Therefore, Pullium's claim for injury to his property remains viable; he has not been placed "out of court." [9]

**9.** We are cognizant of the recent en banc opinions in *Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d 1255 (1983) and *Branoff v. Fitzpatrick,* 313 Pa.Super. 562, 460 A.2d 330 (1983), but find them distinguishable.

In *Praisner,* summary judgment was entered on two counts of a three count complaint where each count constituted a *separate* and *independent* cause of action, but were joined in a single complaint pursuant to Pa.R.C.P. 1044(a). Our court en banc held that an appeal from the order entering summary judgment on the two counts was appealable, even though a third count remained before the trial court.

In *Branoff,* plaintiffs filed a trespass action to recover property damages to their vehicle which had been involved in an accident. Following termination of that suit in favor of plaintiffs, a second action was commenced by plaintiffs for personal injury and loss of consortium, which was dismissed by the trial court for plaintiffs' failure to assert all claims arising out of the accident in a single action. This court reversed, holding that pursuant to the determination in *Bond v. Gallen,* 292 Pa.Super. 207, 437 A.2d 7 (1981) (cause of action for personal injuries arising from motor vehicle accident does not accrue until threshold is met), the cause of action for personal injury did not accrue at the time of the accident, as did the property damage action. Therefore, it was proper for plaintiff to bring the personal injury action at a later time. The court further held that there was no requirement that actions for property damages and personal injury arising out of the same incident be joined where accrual of the causes of action occur at different times.

However, in the instant case, both causes of action were joined in a single complaint which did not involve separate "counts". The complaint, filed prior to our decision in *Bond v. Gallen, supra,* merely sets forth, in reference to property damage:

7. At the aforesaid time and place, the Defendant Brown so carelessly operated his motor vehicle as to violently crash into the stopped vehicle of the Plaintiff, causing damages to Plaintiff's vehicle and causing injuries to the Plaintiff's body, some of which are permanent in nature.

Concerning the holding in *Praisner v. Stocker,* we do not deem it appropriate to create yet another exception to the general rule that dismissal of some but not all counts of a multi-count complaint is interlocutory, based on the facts of the instant case. As to the holding in *Branoff v. Fitzpatrick,* we deem the fact that the instant action

Therefore the appeal at No. 1106 Pittsburgh 1980 is quashed.

No. 679 Pittsburgh 1981

The order of June 4, 1981 refusing Laurel School District's motion for judgment n.o.v. is affirmed.

No. 634 Pittsburgh 1981

The order of June 4, 1981 dismissing Donald E. Pullium's motions for a new trial and judgment n.o.v. is affirmed.

No. 1106 Pittsburgh 1980

The appeal from the order of October 10, 1980 dismissing Donald E. Pullium's complaint insofar as it states a claim for personal injury is quashed.

involved a single complaint for both property damage and personal injury distinguishable.