Martin I. Askin, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued October 10, 1980, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Doris J. Dabrowski, Tabas and Furling, P.C.,* for petitioner.

*Jean E. Graybill,* Assistant Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, January 13, 1981:

Appellant appeals the order of the Hearing and Appeals Unit of the Department of Public Welfare (DPW), upholding DPW's permanent suspension of appellant from the Medical Assistance (MA) Program and sustaining DPW's demand for restitution of $91,-403.65 paid to appellant under the MA Program. We affirm.

As a pharmacist, appellant held a license to operate a pharmacy at 4222 Lancaster Avenue in Philadelphia, Pennsylvania. As the president and principal shareholder of a close corporation, appellant also op-

erated a medical center at 817 North Forty-second Street in Philadelphia (medical center), which contained (1) a pharmacy managed by appellant and (2) a dental office. On September 16, 1977, the State Board of Pharmacy found that appellant "operated a pharmacy at 817 North 42nd Street, Philadelphia, Pennsylvania, without a permit," and appellant's pharmacist's license was suspended for two months. During the period for which appellant received the MA payments under investigation, all the prescriptions which appellant compounded were written by professionals employed at appellant's medical center; 97.1% of the prescriptions emanated from the dental office at the medical center, and 95.2% of the dental office prescriptions were not compensable under the MA Program.

Appellant maintains that he neither violated the provisions of the MA Program nor the standards of his profession as a pharmacist by (1) dispensing drugs from an unlicensed pharmacy or (2) filling the prescriptions of a dentist whose work at appellant's medical center exceeded the scope of his dental practice.

Appellant contends that the finding of the State Board of Pharmacy is not determinative of whether appellant dispensed drugs from an unlicensed pharmacy. Appellee DPW argues that appellant is barred from litigating this issue by the doctrine of collateral estoppel.

> [A] plea of collateral estoppel is valid if (1) the issue decided in the prior adjudication was identical with the one presented in the later action, (2) there was a final judgment on the merits, (3) the party against whom the plea is asserted was a party . . . to the prior adjudication, and (4) the party against whom it is asserted has had a full and fair opportunity to

litigate the issue in question in a prior action. In Re Estate of Ellis, 460 Pa. 281, 333 A.2d 728, 731 (1975). *Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 574-75, 345 A.2d 664, 668 (1975). Collateral estoppel may be invoked where the causes of action are not identical but arise from the same subject matter or transaction so that material matters already decided cannot be reargued. *Harrington v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 119, 325 A.2d 337 (1974). Therefore, the order of the State Board of Pharmacy, as supported by substantial evidence in the record, shows conclusively that appellant conducted business at an unlicensed pharmacy at the medical center in contravention of (1) Section 9413.2 of the MA Manual, 55 Pa. Code §9413.2, 5 Pa. B. 2532 (1975), which requires participating pharmacies to be licensed by the State Board of Pharmacy and (2) Section 4(h) of the Pharmacy Act, Act of Sept. 27, 1961, P.L. 1700, *as amended,* 63 P.S. §390-4(h), which declares that no person shall operate a pharmacy without a Board permit.

Section 9413.81 of the MA Manual, 55 Pa. Code § , *formerly* §9413.10, 5 Pa. B. 2535 (1975), §9413.101, 6 Pa. B. 1496 (1976), describes as provider misutilization those instances where DPW is being billed by a pharmacist or drug prescriber for services which appear inconsistent with customary standards of practice, professional ethics, or regulations of the MA Program. It is not disputed that appellant billed DPW for drugs prescribed by the dentist at the medical center. Appellee DPW asserts that, in dispensing such drugs, appellant disregarded the standards of his profession by ignoring the duty imposed by 28 Pa. Code §25.52 which executes Section 11 of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, *as amended,* 35

P.S. §780-111: "The responsibility for proper pre-scribing of controlled substances is upon the prac-titioner but a corresponding responsibility rests with the pharmacist who dispenses the medicine. . . ." Ap-pellant did not act to protect his clients' safety upon his receipt of numerous prescriptions for medications (such as birth control drugs and unusually large dos-ages of valium) clearly not comporting with a dental practice.

The record further discloses the interdependence of the dental office and appellant's pharmacy at the medical center. By written agreement, appellant paid a salary to the dentist and furnished the dental office fixtures. The dental office supplied 97.1% of the pre-scriptions filled at the pharmacy. Dental office pre-scriptions were sent directly to the pharmacy at the medical center while patients awaited their medicines. The record indicates that appellant also had the right to terminate the dentist's employment as appellant had unilaterally ended agreements with other profes-sionals at the medical center.

According to the criteria enumerated in the Re-statement (Second) of Agency §220(2) (1958), the economic and functional interdependence of the phar-macy and dental office demonstrates that the dentist practicing at the medical center is appellant's em-ployee. Pennsylvania courts have generally recog-nized that the principal aspect of an employer-em-ployee relationship is the employer's right to control or actual control of the employee's manner of per-formance. However, the courts have noted exceptions where the highly technical and skilled character of a job precludes the possibility of adequately controlling the manner in which the work is accomplished. In *St. Paul Fire & Marine Insurance Co. v. Aetna Casualty & Surety Co.*, 394 Fed. Supp. 1274 (M.D. Pa. 1974), *aff'd*, 532 F.2d 747 (3rd. Cir. 1976), a radiologist was

termed an employee of a hospital although the hospital administrators were unqualified to direct the radiologist's work. "Not every employer is competent to supervise the details of the work of highly skilled individuals whom he has hired. Nevertheless, those persons remain his employees." *Id.* at 1276.

By the weight of the indicia, the dentist working at the medical center is appellant's employee. Therefore, appellant is deemed to know the regulations pertaining to his dental employee and is liable for billing DPW in violation of Section 9414.51 of the MA Manual, 55 Pa. Code §     , which lists drugs not compensable when prescribed by a dentist.

Moreover, the close interaction of the dental office and pharmacy is prohibited by Section 5(a)(9)(v) of the Pharmacy Act, 63 P.S. §390-5(a)(9)(v), which describes as a form of grossly unprofessional conduct, "the entering into any agreement with a medical practitioner or any other person for the payment or acceptance of compensation in any form for the recommending of the professional services of either party."

Finally, appellant argues that he is being improperly penalized. Section 9413.81 of the MA Manual, 55 Pa. Code §     , *formerly* §9413.10, 5 Pa. B. 2535 (1975), §9413.101, 6 Pa. B. 1496 (1976), permits the following actions by the DPW where provider misutilization has occurred: (1) suspension of the provider from participation in the MA Program for a specified time and (2) recovery of money. Where there has been a flagrant and extensive disregard of both MA regulations and professional standards, permanent suspension of the offending provider from the MA Program is not an unduly harsh penalty, but rather, is a measure necessary to preserve the integrity of the MA Program. Restitution of the entire $91,403.65 is justified since (1) as a pharmacist, appellant has a duty to respond to uncommon drug prescriptions and

(2) as the dentist's employer, appellant is deemed to know which drugs are not compensable when prescribed by a dentist.

Accordingly, we will enter the following

ORDER

AND Now, January 13, 1981, the adjudication and final order of the Department of Public Welfare, dated October 20, 1978, is affirmed.