550 A.2d 1351

Sewickley Valley Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued October 3, 1988, before Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*John F. Hooper, Meyer, Unkovic & Scott,* for petitioner.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY JUDGE BARRY, November 28, 1988:

Sewickley Valley Hospital (Hospital) appeals from an order of the Office of Hearings and Appeals (OHA) of the Department of Public Welfare (DPW) dismissing the Hospital's appeal from revised amended audit reports for the fiscal years ending on June 30, 1980, 1981,

1982 and 1983 for being untimely and an order of the Secretary of DPW vacating a prior order granting reconsideration of the dismissal of the Hospital's appeal.

In *Sewickley Valley Hospital v. Department of Public Welfare,* 81 Pa. Commonwealth Ct. 298, 474 A.2d 51 (1984) *(Sewickley I),* this Court, acting upon an appeal by the Hospital from audits for the fiscal years of *1977, 1978* and *1979,* held that the Hospital could amortize the loss it incurred in the 1977 fiscal year on defeasance of debt *over the life of the bonds* that had been issued on April 1, 1977 to satisfy an August 1, 1975 bond issue and to claim as a cost for each reporting period that portion of the loss on defeasance which applied to the reporting period, instead of requiring it to recognize the entire loss on defeasance in the year in which it was incurred. In entering the order in that case, this Court found persuasive, and relied upon, the decision of the Deputy Administrator of the Health Care Financing Administration in *Ravenswood Hospital Medical Center v. Blue Cross Association/Health Care Service Corp.,* Medicare & Medicaid Guide (CCH) ¶ 32,044. Therein it was held that the provider could not claim as costs the entire loss on defeasance in the year it was incurred.

After this Court's decision in *Sewickley I* had been handed down and our state Supreme Court had denied allocatur therefrom, the United States District Court for the Northern District of Illinois overruled the decision of the Deputy Administrator of the Health Care Financing Administration in *Ravenswood* and held that the provider in that case was entitled to claim the entire loss in the year the loss on defeasance was incurred. *See Ravenswood Hospital Medical Center v. Schweiker,* 622 F. Supp. 338 (N.D. Ill. 1985). Upon learning of this federal district court decision, DPW issued an internal memorandum dated January 9, 1986 to the Office of the Auditor General, Bureau of State Aided Audits (Bureau)

advising it that DPW could now disallow the Hospital from continuing to amortize the loss it incurred in the 1977 fiscal year on defeasance of the 1975 debt and claiming as a cost for each reporting period that portion of the loss on defeasance which applied to the reporting period. It did not send a copy of this memorandum to the Hospital.

On April 11, 1986, the Bureau issued "revised amended audit" reports for the fiscal years of *1980, 1981, 1982* and *1983*. On the page of each of the reports reflecting adjustments that were being made to the Hospital cost reports for those fiscal years, it was reflected that the portions of the loss incurred in the 1977 fiscal year on defeasance of the 1975 debt that were applicable to those reporting periods were being disallowed as a cost. The Hospital later received a settlement statement which indicated that it owed DPW $14,996.00 because of DPW's disallowance of its continuing claim of that loss as a cost. This document had been sent out by the comptroller's office of DPW on May 27, 1986. Apparently it was only after the Hospital had received this settlement statement that it realized what DPW had done. On June 30, 1986 the OHA received two letters from the Hospital which indicated that the Hospital wished to appeal the April 11, 1986 audit disallowances and the May 27, 1986 settlement. Following a hearing on the matter the appeal from the audit disallowances was dismissed as untimely.[1] The OHA, found that the Hospital's untimely appeal from the audit disallowances in question was not attributable to fraud or negligence on the part of DPW but instead was attributable to neglect on the part of the Hospital. The first of the two appeals that have been consolidated for our review here followed.

---

[1] The appeal from the settlement was dismissed on the ground that no computation issues had been raised.

The Hospital then, on February 19, 1988, filed a request for reconsideration of the decision to dismiss the appeals. On March 18, 1988 a preliminary order granting reconsideration was entered by the Secretary of DPW. Later, however, when DPW, in its response to the request for reconsideration, pointed out that the preliminary order granting reconsideration had been entered more than thirty days after the order for which reconsideration was sought had been entered, the Secretary of DPW, on June 27, 1988, vacated the order entered on March 18, 1988 and declared that the Hospital's request for reconsideration was deemed denied. The second of the two appeals that have been consolidated for our review here followed.

If a motion for reconsideration is not expressly granted within thirty days of the entry of the order appealed from, an order granting reconsideration of that order outside that thirty day period is generally a nullity. *Dukmen v. Dukmen,* 278 Pa. Superior Ct. 530, 420 A.2d 667 (1980). In such a case, the trial court or governmental agency lacks jurisdiction to grant reconsideration upon the expiration of that thirty day period. *See Monsour Medical Center v. Department of Public Welfare,* 111 Pa. Commonwealth Ct. 359, 533 A.2d 1114 (1987). Because the order which the Hospital, by its second appeal, seeks review of "vacates" a nullity, it is the conclusion of this Court that it itself is a nullity. Accordingly, the petitioner's appeal from the order dated June 27, 1988 is dismissed.[2]

---

[2] We note that the Hospital has not chosen to appeal from the deemed denial of its request for reconsideration which was made on March 6, 1988. This appeal time would have run from the date it had actual knowledge of that decision. 42 Pa. C. S. §5571(c)(6). Under the circumstances, that date would have been the date DPW filed its response to the Hospital's request for reconsideration pursuant to the Secretary's preliminary order of March 18, 1988 grant-

The traditional grounds for the allowance of an appeal nunc pro tunc are fraud, duress or coercion which causes a delay in the filing of the appeal. *Dinges Transfer v. Workmen's Compensation Appeal Board (Dinges)*, 15 Pa. Commonwealth Ct. 468, 326 A.2d 668 (1974). For appeal purposes, negligence on the part of administrative officials may be deemed to be the equivalent of fraud. *Branch v. Workmen's Compensation Appeal Board (Somerset Knitting Mills)*, 38 Pa. Commonwealth Ct. 374, 393 A.2d 55 (1978). The Hospital here argues that it did not file its appeal from the audit disallowances in question on time because of fraud or negligence on the part of DPW. The basis for this claim of fraud or negligence is the failure of DPW to provide the Hospital with notice of its decision to disallow the Hospital from continuing to amortize the loss it incurred in the 1977 fiscal year on defeasance of the 1975 debt prior to the issuance of the revised amended audits.

We believe, however, that, if the revised amended audits themselves had been reviewed carefully by the Hospital, it would have learned of the objected-to DPW decision and its reason therefor. We note the following entry on the page of the revised amended audit for the fiscal year 1983 entitled "Audit Adjustment Report"[3]:

---

ing reconsideration. Even if the Hospital had appealed the deemed denial of its motion for reconsideration, however, that appeal would be dismissed. The reason for dismissal of that appeal would be that the Hospital had already appealed to this Court from the order for which it had unsuccessfully sought reconsideration. *Dillon by Dillon v. National Railroad Corp. (Amtrak)*, 345 Pa. Superior Ct. 126, 497 A.2d 1336 (1985).

[3] R.R. 129a.

|                                          | Increase       |
| Explanation of Adjustment                | (Decrease)     |
| Cost Adjustments                         |                |
| Loss on Extinguishment of Debt           | (83,959)       |

To delete loss on extinguishment
of debt per Ravenswood Hosp.
Med. Center v. Schweiker (N.D.
Ill.), No. 82C4872, May 8, 1985

Similar entries appear on those pages of the revised amended audits for the fiscal years of 1980, 1981 and 1982 entitled "Audit Adjustment Report".[4] It is the conclusion of this Court that these notations in the revised amended audits for the fiscal years in question should have put the Hospital on notice of the DPW disallowance. Therefore, we cannot agree that the Hospital's failure to file a timely appeal from the audit disallowances for the fiscal years in question was due to fraud or negligence on the part of DPW.

The Hospital next argues that it does not matter that it did not file a timely appeal from the audit disallowances for the fiscal years in question because DPW did not have the power to revise the audits for the fiscal years of 1980 through 1983 and disallow it from continuing to amortize the loss it incurred in 1977 on defeasance of the 1975 debt and claiming as a cost for each reporting period that portion of the loss on defeasance which applied to the reporting period. The Hospital contends that DPW's attempt to exercise such power is a nullity. Its reasoning on this point is that our order in *Sewickley I* bars DPW from taking such action by reason of the doctrines of res judicata and/or collateral estoppel.

The problem with this argument is that res judicata and collateral estoppel are affirmative defenses. Pa.

---

[4] R.R. 136a, 143a and 150a.

R.C.P. No. 1030. They are not jurisdictional questions. *See Rogin v. Bensalem Township,* 616 F.2d 680, 684, n.11 (3rd Cir. 1980) *Cert. denied,* 450 U.S. 1029 (1981); *Pacific Coast Medical Enterprises v. Department of Benefit Payments,* 140 Cal. App. 3rd 197, 189 Cal. Rptr. 558 (1983). As affirmative defenses they can be waived if they are not pleaded as affirmative defenses. *See Consolidated Coal Co. v. District 5, United Mine Workers of America,* 336 Pa. Superior Ct. 354, 485 A.2d 1118 (1984). Res judicata and collateral estoppel principles have been applied in administrative proceedings to decisions of an administrative agency made pursuant to its judicial function. *See Bardo v. Department of Public Welfare,* 40 Pa. Commonwealth Ct. 585, 397 A.2d 1305 (1979); *Askin v. Department of Public Welfare,* 56 Pa. Commonwealth Ct. 80, 423 A.2d 1371 (1981). It follows that since res judicata and collateral estoppel may be raised in administrative proceedings, they may also be waived if not properly asserted. Here, since the Hospital failed to file a timely appeal from the audit disallowances in question, it must be held to have waived its defenses of res judicata and/or collateral estoppel.

We note that the plight of the appellant in the present matter is similar to that of the respondent in a decision of a California appellate court in *Pacific Coast Medical Enterprises.* In that case, the California Department of Benefit Payments denied a provider of health care services to Medi-Cal beneficiaries reimbursement for a reasonable return on the amount of equity capital (for goodwill and other intangible assets) it had invested in a recently purchased hospital, which the provider had claimed as a cost for the fiscal years of 1970, 1971 and 1972. Provider timely appealed the audit adjustments for the 1970 and 1971 cost reports. However, it did not file an appeal from the audit adjustments made with respect to its 1972 cost report and it

did not notify the Department of its intention to appeal regarding the 1972 cost report until well after the deadline for filing an appeal. Acting on the provider's appeals from the audits for the fiscal years of 1970 and 1971, an administrative law judge held that the provider was entitled to be reimbursed for costs attributable to the goodwill portion of the equity capital that had been invested in the newly purchased hospital but found the value of the goodwill to be lower than what the provider asserted it was. The provider then filed a complaint for damages. The trial court who reviewed the case de novo agreed with the administrative law judge that the costs attributable to the goodwill portion of the equity capital that provider had invested in the newly purchased hospital were reimbursable but held that the value of that intangible asset should have been found to be what the provider asserted it was. It also held that its decision was applicable to all years subsequent to the fiscal years of 1970 and 1971, including the fiscal year of 1972. Upon an appeal by the Department from the trial court's decision, the California Court of Appeals for the Second District, Fifth Division, *inter alia,* stated:

> Appellant contends that because PCME failed to take a timely appeal from the 1972 audit adjustment, PCME cannot now assert a claim for that year, and, therefore, the contrary decision of the trial court was erroneous. Appellant is correct. . . . In the present case PCME waived its right to assert res judicata. PCME did not keep its 1972 claim alive by making the proper appeals. If it had done so, and if an action had been pending, res judicata might have been applicable. . . . However, the present appeal concerns only the years 1970 and 1971. When PCME failed to appeal the 1972 audit adjustment that decision became final. The 1972 claim

cannot now be brought back to life by asserting res judicata.

*Pacific Coast Medical Enterprises,* 140 Cal. App. 3rd at 214, 189 Cal. Rptr. at 568.

For these reasons, this Court is constrained to conclude that the decision of the OHA must be affirmed.

ORDER

NOW, November 28, 1988, the order of the Office of Hearings and Appeals of the Department of Public Welfare, dated February 5, 1988 at Docket Nos. 27-86-074 and 40-86-020, is hereby affirmed. The Hospital's appeal from the order of the Secretary of the Department of Public Welfare dated June 27, 1988, at Docket Nos. 27-86-074 and 40-86-020 is dismissed.